STATE OF CONNECTICUT *v.* ROLAND JONES.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 5—decided April 10, 1946.

*Anthony A. E. DeLucia,* for the appellant (defendant).

*Arthur T. Gorman,* assistant state's attorney, with whom, on the brief, was *Abraham S. Ullman,* state's attorney, for the appellee (state).

ELLS, J. The defendant was convicted upon an information which charged that on September 3, 1943,

at New Haven, he assaulted and carnally knew and abused a female under the age of sixteen years. In his appeal he has assigned error in a ruling upon evidence. The defense was an alibi. In examining a witness called to support it, the defendant asked several questions, stated in a single paragraph of the finding, which were excluded. The only exception taken was to a question asking whether the witness knew of his own knowledge that the defendant had been working out of the state for a period including the day on which the offense was claimed to have been committed. The court stated, as the reason for excluding the question, that it had been asked and ruled upon on several occasions, and that the witness had indicated that his knowledge was based solely upon what he had seen in certain records. There is nothing in the record to contradict the statement of the court. It was within its discretion to refuse to permit the matter again to be made the subject of inquiry. *Fitzpatrick* v. *Cinitis*, 107 Conn. 91, 99, 139 Atl. 639. No basis for the introduction of secondary evidence as to the contents of the writing appears. *Raymond* v. *Parker*, 84 Conn. 694, 698, 81 Atl. 1030; *Woicicky* v. *Anderson*, 95 Conn. 534, 536, 111 Atl. 896; 1 Jones, Evidence (4th Ed.), p. 386.

The defendant requested the Superior Court to rectify the appeal in order that he might raise a claim of law made before sentence was imposed. Upon a denial of his motion he requested us to make the rectification. The state has not made serious objection, and despite defects in form and lateness in time, we consider the question on its merits. The crime was committed on September 3, 1943, and the defendant was apprehended in July, 1944. He was bound over to the Superior Court, where the present information was filed in January, 1945, and judgment of guilty entered.

on February 2, 1945. After conviction, and prior to the imposition of sentence, the defendant requested the court to order an examination under the provisions of § 739g of the 1943 Supplement to the General Statutes, but the court refused to do so. The prosecution was brought under the provisions of General Statutes, § 6240, which is a part of chapter 328 of the General Statutes. Section 739g became effective on October 1, 1943. It provides that "The court before which is pending any case involving a violation of any provision [of chapter 328] shall, before the final disposition of such case, order the examination of the accused person to determine whether or not he is suffering from any venereal disease. If such examination discloses the presence of a venereal disease, the court may make such order with reference to the continuance of the case or the detention, treatment or other disposition of such person as the public health and welfare require."

The application of § 739g in this case would give it a retrospective effect. The court's refusal to apply the act was correct. There is nothing in this legislation which indicates any intent on the part of the legislature to give it such operation, and an act is never given retrospective effect unless its terms absolutely require it. *Bridgeport* v. *Greenwich*, 116 Conn. 537, 543, 165 Atl. 797. In *Bryant* v. *Hackett*, 118 Conn. 233, 238, 171 Atl. 664, we said that a law will not be given retrospective effect unless the legislature has manifested that intent "by very plain and explicit words." In *Massa* v. *Nastri*, 125 Conn. 144, 146 3 Atl. (2d) 839, we said that laws are to be interpreted as operating prospectively and considered as furnishing a rule for future cases only, "unless they contain language unequivocally and certainly embracing past transactions." It is true that the cases cited above

are civil cases. There are apparently few criminal cases where the rule has been applied, probably because they usually turn on the claim that a statute, if applied retrospectively, would be invalid as an ex post facto law. In Crawford, Statutory Construction, p. 573, it is said that in a criminal case a retrospective construction of a statute should not be adopted "unless its language clearly makes such a construction necessary." See also 59 C. J. 1173, § 698.

In the light of this principle, the words "the court before which is pending any case," as used in § 739g, must be taken as intended to make the law applicable in any court before which a person stands charged with a violation of chapter 328, whether it be the court where he is originally presented or that to which he is bound over or appeals, rather than as evincing an intent that the law apply to crimes committed before it became effective.

There is no error.

In this opinion the other judges concurred.