EAST VILLAGE ASSOCIATES, INC. *v.* TOWN OF MONROE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 8—decision released July 26, 1977

*James A. Trowbridge,* with whom was *James P. White, Jr.,* for the appellant (defendant).

*Thomas J. Dolan,* for the appellee (plaintiff).

SPEZIALE, J.   The question we must decide is whether General Statutes § 12-504a[1] of chapter 223, the Real Estate Conveyance Tax Act, applies retroactively to land classified, prior to the effective date of the statute, as forest and farm land.

On February 11, 1974, the plaintiff, East Village Associates, Inc., petitioned the board of tax review in the town of Monroe for relief from the imposition

[1] "[General Statutes] Sec. 12-504a.  CONVEYANCE TAX ON SALE OF LAND CLASSIFIED AS FARM, FOREST OR OPEN SPACE LAND BY RECORD OWNER.   Any land which has been classified by the record owner thereof as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e, if sold by him within a period of ten years from the time he acquired title to such land or from the time he first caused such land to be so classified, whichever is earlier, shall be subject to a conveyance tax applicable to the total sales price of such land, which tax shall be in addition to the tax imposed under sections 12-494 to 12-504, inclusive.   Said conveyance tax shall be at the following rate:   (1) Ten per cent of said total sales price if sold within the first year of  ownership by such record owner; (2) nine per cent if sold within the second year of ownership by such record owner;

of a conveyance tax under General Statutes § 12-504a and for removal of the assessor's lien on its property. The petition was denied. The plaintiff appealed the board's ruling to the Court of Common Pleas, which sustained the plaintiff's appeal. It is from this judgment that the defendant now appeals.

The facts are not in dispute. The plaintiff is the owner of approximately 450 acres of land in the town of Monroe. In 1971, the plaintiff's predecessor in title[2] applied to the defendant assessor and received exemptions on the tax list of October 1, 1971, for land classified as forest land and farm land pursuant to General Statutes §§ 12-107c and 12-107d.

On May 18, 1972, Public Act No. 152 was enacted; the legislation became effective on October 1, 1972. The act, now codified as General Statutes § 12-504a, essentially provides for a conveyance tax on any land classified as farm, forest or open space land which is sold within ten years of classification or acquisition. In 1971 and 1972, open space, agricul-

(3) eight per cent if sold within the third year of ownership by such record owner; (4) seven per cent if sold within the fourth year of ownership by such record owner; (5) six per cent if sold within the fifth year of ownership by such record owner; (6) five per cent if sold within the sixth year of ownership by such record owner; (7) four per cent if sold within the seventh year of ownership by such record owner; (8) three per cent if sold within the eighth year of ownership by such record owner; (9) two per cent if sold within the ninth year of ownership by such record owner; and (10) one per cent if sold within the tenth year of ownership by such record owner. No conveyance tax shall be imposed by the provisions of sections 12-504a to 12-504f, inclusive, following the end of the tenth year of ownership by such record owner."

[2] The trial court attributed no significance to the change of entity of the plaintiff from a general partnership to a corporation, and the parties have not made that an issue before this court.

tural, and forest exemptions were not automatically continued from year to year. Taxpayers in Monroe had an affirmative duty to reapply annually on or before October 1. The plaintiff did not apply for special classification on the tax list of October 1, 1972, and was taxed for that year on the same basis as nonexempt property.

On October 17, 1972, the tax assessor of the town of Monroe placed an assessor's lien on record in the Monroe land records, thereby giving notice that the plaintiff's property was subject to payment of the § 12-504a conveyance tax. In April, 1973, the plaintiff conveyed a portion of its Monroe land. The town clerk refused to record the deed until the conveyance tax was paid; the plaintiff paid the tax under protest. During the spring of 1973, eight more parcels were sold, the plaintiff again paying the tax under protest. On February 11, 1974, the plaintiff petitioned the board of tax review for relief. That petition was denied. The Court of Common Pleas sustained the plaintiff's appeal, determining that, in the absence of express language requiring retroactive application, § 12-504a should not be applied to sales of land classified before the effective date of the tax act. We are in accord with the finding of the lower court.

There is a general presumption that legislation affecting substantive rights is intended to apply prospectively only. General Statutes § 55-3;[3] *Little* v. *Ives*, 158 Conn. 452, 457, 262 A.2d 174; *Michaud* v. *Fitzryk*, 148 Conn. 447, 449, 171 A.2d 397;

[3] "[General Statutes] Sec. 55-3. LIMITATION OF EFFECT OF CERTAIN ACTS. No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

*Massa* v. *Nastri,* 125 Conn. 144, 146–47, 3 A.2d 839; see also *Gibson* v. *Fullin,* 172 Conn. 407, 412, 374 A.2d 1061; *Waterbury National Bank* v. *Waterbury National Bank,* 162 Conn. 129, 134, 291 A.2d 737. Even statutes which deal with procedural matters and which would ordinarily be subject to retroactive application will not be so applied if good sense and justice dictate otherwise. *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 196, 286 A.2d 308. In this case, the plaintiff applied for classification in 1971, with no notice of potentially adverse tax consequences. It did not reapply in 1972, after new legislation had imposed potential tax liability for such classification. Certainly it would be unreasonable and unjust to " 'impose an unexpected liability that if known might have induced those concerned to avoid it . . . .' " *Blodgett* v. *Holden,* 275 U.S. 142, 149, 48 S. Ct. 105, 72 L. Ed. 206 (Holmes, J., concurring).

This court has, on previous occasions, stated its reluctance to construe statutes as having retroactive application: "Retrospective laws generally, if not universally, work injustice. Statutes should be construed retrospectively only when the mandate of the legislature is imperative." *Michaud* v. *Fitzryk,* supra. There is nothing in General Statutes § 12-504a which indicates a clear legislative intent that the statute have a retrospective effect. To the contrary, two post-1972 amendments to the Real Estate Conveyance Tax Act (c. 223) reveal a legislative intent to have the tax apply only to landowners who classified their land with at least constructive notice of the consequence of such action. In 1973, Public Act No. 73-585 amended § 12-504f to require that tax assessors' certificates set forth "the obligation to pay the conveyance tax imposed

by this chapter." In 1974, Public Act No. 74-343 added § 12-504h, which provided that land once classified under § 12-107a–12-107f "shall remain so classified without the filing of any new application subsequent to such classification." The effect of the 1973 amendment was to give landowners notice of the consequences of classification; the 1974 amendment locked a landowner into the classification, thus protecting the towns against tax avoidance through shrewd maneuvering of land classification.

In the absence of express directions for retrospective application of § 12-504a, and in the light of the subsequent amendments to chapter 223, the inference is clear that the conveyance tax was intended to apply only prospectively. The defendant argues that taxation of conveyances in 1973 on the basis of a 1971 classification does not involve retroactive application, since the taxable act is the sale of the land, not its classification. As the lower court pointed out, however, classification and sale are so inextricably entwined under § 12-504a that the only reasonable conclusion is that *both* classification and sale must occur after the effective date of that section to have the tax operate prospectively. Because the plaintiff did not reclassify its Monroe land after the effective date of the statute, the lower court correctly held that the conveyance tax was not applicable to subsequent sales.

The plaintiff also raises the issue of whether retroactive application of § 12-504a would violate due process. A similar retroactive application of the federal gift tax was found unconstitutional by the United States Supreme Court. *Untermyer* v. *Anderson,* 276 U.S. 440, 445, 48 S. Ct. 353, 72 L. Ed. 645; *Blodgett* v. *Holden,* 275 U.S. 142, 147, 48

334

S. Ct. 105, 72 L. Ed. 206. This issue need not be reached in the present case, however, because we hold that the statute applies prospectively only.

There is no error.

In this opinion the other judges concurred.