MADISON EDUCATION ASSOCIATION *v.* TOWN OF MADISON ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 3, 1977—decision released January 17, 1978

*Robert G. Oliver,* with whom were *Philip N. Costello, Jr.,* and *Bruce H. Campbell,* for the appellant (named defendant).

*Martin A. Gould,* for the appellee (plaintiff).

HOUSE, C. J. This appeal was taken by the defendant town from a judgment of the Superior Court in New Haven County which declared that an agreement negotiated between the plaintiff education association and the Madison board of education was binding on the board and the town because the town failed to reject it within thirty days after a signed copy of the contract was filed with the town clerk.

The facts in the case are not in dispute and the basic issue is a relatively simple one. On May 6, 1976, a collective bargaining agreement between the Madison board of education and the Madison Education Association to be effective during the 1976-1977 school year was filed with the Madison town clerk. A warning of a special town meeting to act upon the agreement was issued and duly published and that meeting was held on June 3, 1976, to take action on proposed rejection of the agreement. At that meeting, a petition for a machine vote was presented and approved by vote of the meeting, the machine vote being set for June 16, 1976. On June 16, 1976, a machine vote was taken on the question of whether to reject the agreement and the motion to reject the agreement was carried. The defendants took the position that the agreement was, accordingly, rejected and unenforceable. The plaintiff

association, however, maintained that since the vote to reject the agreement took place more than thirty days after the filing of the agreement, the attempted rejection was invalid and ineffective and the association was entitled to enforcement of the terms of the agreement. It brought the present declaratory judgment action in which the court sustained its position and it is from that judgment that the present appeal has been taken.

Despite the ingenious arguments advanced by counsel for the defendant town, we conclude that the question before the trial court and now before this court on appeal is a relatively simple one clearly answered by the explicit provisions of the governing statute—§ 10-153d of the General Statutes as it was then in effect, revised to 1975.[1] This statute provided for collective bargaining between boards of education and teachers and the execution of a written contract incorporating the provisions of any agreement reached which the board of education should "file forthwith" with the town clerk. It then provided, in relevant part: "Upon receipt of a signed copy of such contract the clerk of such town shall give public notice of such filing. The terms of such contract shall be binding on the legislative body of the town . . . unless such body rejects such contract at a regular or special meeting called for such purpose within thirty days of the filing of the contract. . . . If the legislative body rejects such contract *within such period,* the parties shall renegotiate the terms of the contract in accordance with the procedure in this section." (Emphasis added.)

---

[1] Section 10-153d of the General Statutes was later amended by 1976 Public Acts, No. 76-403.

We find no ambiguity in the statutory provisions. If a contract entered into under the provisions of § 10-153d as then in effect was duly filed with the town clerk (as it was in the present case), it became binding on the town legislative body "unless such body rejects such contract at a regular or special meeting called for such purpose within thirty days of the filing of the contract." In this case, the contract was filed on May 6, 1976, and the vote to reject it was not taken until June 16, 1976—more than thirty days after the filing and not "within such period." Since the town did not reject the agreement within thirty days after the filing, it was bound by the agreement. "If the language of the statute is clear and unambiguous, we cannot subject its meaning to modification by construction." *Colli* v. *Real Estate Commission,* 169 Conn. 445, 450, 364 A.2d 167. As we stated in *Kulis* v. *Moll,* 172 Conn. 104, 110, 374 A.2d 133, quoting from *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 410, 311 A.2d 65: " 'The statutory language in question is clear and describes a specifically delineated procedure which admits of no ambiguities. We cannot "search out some intent which we may believe the legislature actually had and give effect to it, . . . we are confined to the intention which is expressed in the words it has used." *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 301, 57 A.2d 128.' "

The trial court properly concluded that "[s]aid contract for the school year 1976-1977 is binding on the defendants, Town of Madison, and the Board of Education of the Town of Madison because the defendant Town of Madison failed to reject it within said thirty days."

There is no error.

In this opinion the other judges concurred.