STATE OF CONNECTICUT *v.* WILMER PARADISE, JR.

STATE OF CONNECTICUT *v.* BRIAN ELLIS
(11370)
(11377)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued December 7, 1982—decision released March 1, 1983

*Edward F. Spinella,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellant (state).

*Richard R. Brown,* for the appellee (defendant Paradise).

*Mark H. Swerdloff,* with whom, on the brief, was *Gerald M. Klein,* for the appellee (defendant Ellis).

PARSKEY, J. This consolidated appeal presents the sole issue of whether or not the current criminal statute of limitations, General Statutes § 54-193, is to be applied retroactively. At issue is not the legislature's power to enact retrospective legislation but whether § 54-193 is, by its terms, retroactive.

For the purposes of this appeal, the facts may be summarized as follows: The victim, Joseph Cunningham, Jr., died on or about May 14, 1974. His body was discovered on May 31, 1974. Thereafter, on July 11, 1978, the chief medical examiner for the state of Connecticut classified the victim's death as a homicide resulting from multiple stab wounds.

On December 1, 1981, the defendant, Brian Ellis, was arrested on a warrant issued in connection with Cunningham's death. Wilmer Paradise was arrested as a co-accused on December 2, 1981. Both defendants had been continuously in the state since May 14, 1974. The defendants were charged by information with murder in violation of General Statutes § 53a-54a (Rev. to 1975), felony murder in violation of General Statutes § 53a-54c (Rev. to 1975), and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (Rev. to 1975). All of the offenses charged were and remain class A felonies. The state has moved for the calling of a grand jury to consider the indictment of the defendants for these crimes.

The defendants, on January 18, 1982, filed motions to dismiss the pending charges pursuant to Practice Book § 815, alleging, inter alia, that the

prosecution was barred because the statute of limitations in effect on the date of the offenses had expired. The court, on March 29, 1982, granted the defendants' motions and dismissed the prosecutions with prejudice. The state, with leave of court, has appealed.

The statute of limitations in effect on May 14, 1974, General Statutes § 54-193,[1] provided for a five-year period of limitations on all felony offenses. Public Acts 1976, No. 76-35, which became effective on April 6, 1976, amended the then existing § 54-193 to provide that there shall be no limitation of time within which a person may be prosecuted for a capital or class A felony.[2] It

[1] General Statutes § 54-193 (Rev. to 1975) provided: "Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. No person shall be prosecuted for treason against this state, or for any crime or misdemeanor of which the punishment is or may be imprisonment in the Connecticut Correctional Institution, Somers, except within five years next after the offense has been committed; nor shall any person be prosecuted for the violation of any penal law, or for other crime or misdemeanor, except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers, but within one year next after the offense has been committed; but, if the person, against whom an indictment, information or complaint for any of said offenses is brought, has fled from and resided out of this state, during the period so limited, it may be brought against him at any time, within such period, during which he resides in this state, after the commission of the offense; and, when any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

Because it was not raised in the court below, discussed in the briefs or presented in oral argument before us, we do not decide whether this statute, which does not specifically cover capital offenses, bars prosecution of a person for a crime for which the punishment is or may be death.

[2] Public Acts 1976, No. 76-35 provides: "AN ACT CONCERNING THE LIMITATION OF PROSECUTIONS.

"Section 1. Section 54-193 of the general statutes is repealed and the following is substituted in lieu thereof:

"No person shall be prosecuted for [treason against this state, or for] any [crime or misdemeanor of] OFFENSE EXCEPT A CAPITAL FELONY OR A CLASS A FELONY FOR which the

is § 54-193, as amended, that the state wishes us to apply to the present case.

It must be emphasized that at the time § 54-193 was amended by Public Acts 1976, No. 76-35, the original five-year period of limitations had not yet

punishment is or may be imprisonment [in the Connecticut Correctional Institution, Somers] IN EXCESS OF ONE YEAR, except within five years next after the offense has been committed; nor shall any person be prosecuted for [the violation of any penal law, or for other crime or misdemeanor, except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers] ANY OTHER OFFENSE, EXCEPT A CAPITAL FELONY OR A CLASS A FELONY, but within one year next after the offense has been committed; but, if the person, against whom an indictment, information or complaint for any of said offenses is brought, has fled from and resided out of this state, during the period so limited, it may be brought against him at any time, within such period, during which he resides in this state, after the commission of the offense; and, when any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time. THERE SHALL BE NO LIMITATION OF TIME WITHIN WHICH A PERSON MAY BE PROSECUTED FOR A CAPITAL FELONY OR A CLASS A FELONY.

"Sec. 2. This act shall take effect from its passage. Approved April 6, 1976"

General Statutes § 54-193, in effect at this time, provides: "Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. (a) There shall be no limitation of time within which a person may be prosecuted for a capital felony or a class A felony.

"(b) No person may be prosecuted for any offense, except a capital felony or a class A felony, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony or a class A felony, except within one year next after the offense has been committed.

"(c) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against him at any time within such period, during which he resides in this state, after the commission of the offense.

"(d) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

expired. By the date of the arrests of the defendants however, this period had run. The defendants contend, inter alia, that their arrest after the expiration of the five-year period of limitations bars their prosecution because § 54-193, as amended, was not made expressly retroactive. The trial court, ruling on the defendants' motion to dismiss, held that § 54-193 as amended effected a change of substantive law and because it did not expressly provide for retroactive effect was not to be so applied. The state asserts this judgment as error. Because we agree with the ultimate result, but not the reasoning, we find no error.

Although the parties have fully briefed the issue of the application of the ex post facto clause to these proceedings, our determination that General Statutes § 54-193 is to be applied prospectively only, renders consideration of that constitutional question unnecessary.[3] *Anderson* v. *Ludgin,* 175 Conn. 545, 557, 400 A.2d 712 (1978); see *East Village Associates, Inc* v. *Monroe,* 173 Conn. 328, 333-34, 377 A.2d 1092 (1977).

The state in this appeal asserts that General Statutes § 54-193 is procedural and that considerations of good sense and justice mandate its retrospective application in this case. We disagree.

The state has placed its reliance, in principle, on an extensive body of civil case law which we recently summarized in *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 222-23, 384 A.2d 378 (1978) as follows: "This court has con-

[3] Nor was the constitutional question reached by the court below. Furthermore, we reserve decision on the question of whether the legislature could have extended the statute of limitations and given it retrospective effect as to those offenses on which the limitation period has not already expired.

sistently expressed its reluctance to construe statutes as having retroactive application. *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 332, 377 A.2d 1092 [1977]. A statute 'affecting substantial changes in the law' is not to be given a retrospective effect unless it clearly and unequivocally appears that such was the legislative intent. *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638, 648, 68 A.2d 289 [1949]; *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726, 345 A.2d 563 [1974]. The test of whether a statute is to be applied retroactively, absent an express legislative intent, 'is not a purely mechanical one' and even if it is a procedural statute, which ordinarily will be applied retroactively without a legislative imperative to the contrary, 'it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. *Lavieri* v. *Ulysses* . . . [149 Conn. 396, 401, 180 A.2d 632 (1962)]; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525 [1941].' *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 [1968]; *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 196, 286 A.2d 308 [1971]. These aids to legislative interpretation apply with equal force to amendatory acts which effectuate changes in existing statutes. See *Lavieri* v. *Ulysses,* 149 Conn. 396, 402, 403, 180 A.2d 632 [1962]; 1A Sutherland, Statutory Construction (4th Ed.) § 22.36."

While we affirm the continued vitality and utility of the principle that procedural statutes will be applied retrospectively absent a contrary legislative intent in the civil field, we recognize that the principle's application in the criminal realm is limited. Indeed, the law in Connecticut has long been to the contrary.

In *State* v. *Jones,* 132 Conn. 682, 47 A.2d 185 (1946), for example, this court considered the question of whether a statute requiring the examination of certain criminal defendants for venereal disease was to be retrospectively applied. Therein, the court noted that there was nothing in the statute which indicated a legislative intent for retrospective application. The court discussed several cases standing for the proposition that an act is never given retrospective effect unless its terms absolutely require it by very plain and explicit words.[4] The court then, however, noted specifically that the cited authorities were civil cases. The court went on to hold precisely that "in a *criminal case* a retrospective construction of a statute should not be adopted 'unless its language clearly makes such a construction necessary.' " Id., 685. (Emphasis added.) Having found no such expressed intent, the court held that the trial court's refusal to apply the statute retroactively was correct.

The rationale for this distinction is grounded in the principle that criminal statutes must be strictly construed. *State* v. *Tedesco,* 175 Conn. 279, 291, 397 A.2d 1352 (1978). Section 54-193 is penal in nature; *State* v. *Anonymous* (1976–6), 33 Conn. Sup. 34, 39, 358 A.2d 691 (1976) ; and hence, must be liberally construed in favor of the accused. *State* v. *Bello,* 133 Conn. 600, 604, 53 A.2d 381 (1947). In particular, statutes of limitation in criminal cases are to be construed liberally in favor of the accused. *Waters* v. *United States,* 328 F.2d 739, 742 (10th Cir. 1964) ; *United States* v. *Moriarty,* 327 F. Sup.

---

[4] The cases cited were: *Bridgeport* v. *Greenwich,* 116 Conn. 537, 543, 165 A. 797 (1933); *Bryant* v. *Hackett,* 118 Conn. 233, 238, 171 A. 664 (1934) ; and *Massa* v. *Nastri,* 125 Conn. 144, 146, 3 A.2d 839 (1939).

1045, 1047 (E.D. Wis. 1971); *State* v. *Fogel,* 16 Ariz. App. 246, 248, 492 P.2d 742 (1972); *Reino* v. *State,* 352 So. 2d 853, 860 (Fla. 1977).

Legislative intent is to be found in the language of the statute. *Baston* v. *Ricci,* 174 Conn. 522, 528, 391 A.2d 161 (1978); *Madison Education Assn.* v. *Madison,* 174 Conn. 189, 192, 384 A.2d 361 (1978). There is nothing in General Statutes § 54-193 which indicates a clear legislative intent that the statute have a retrospective effect. Certainly there is no language whatsoever which makes a retrospective construction necessary. *State* v. *Jones,* supra, 685.

Our decision that criminal statutes are not to be accorded retrospective effect absent language clearly necessitating such a construction[5] and our finding that § 54-193 contains no such language, renders unnecessary a determination of whether § 54-193 is substantive or procedural and we do not today so decide.

The state expressed concern at oral argument that the refusal to accord § 54-193 retrospective effect would have far reaching ramifications on the criminal justice system in Connecticut and directly affect a number of unsolved class A felonies. We share this concern. Yet, as Mr. Justice Frankfurter has stated: "It is a fair summary of history to say that the safeguards of liberty have frequently been forged in controversies involving not very nice people."[6]

There is no error.

In this opinion the other judges concurred.

---

[5] The civil-criminal distinction enunciated in *Jones* and affirmed herein, is not necessarily applicable to other areas of the criminal process. Our holding extends solely to matters involving the statutory construction of criminal statutes.

[6] *United States* v. *Rabinowitz,* 339 U.S. 56, 69, 70 S. Ct. 430, 94 L. Ed. 653 (1950) (Frankfurter, J., dissenting).