STATE OF CONNECTICUT *v.* JOHN MILLHOUSE
(2237)
(2238)
(2239)
(2240)
(2241)
(2242)

DUPONT, C.P.J., HULL and DALY, Js.

Argued November 9, 1984—decision released April 9, 1985

*Keith Findley,* certified legal intern, and *Mary A. McCarthy,* with whom, on the brief, were *John L. Pottenger, Jr., Stephen Wizner* and *Sally Zanger,* for the appellant (defendant).

*Maureen Norris,* certified legal intern, and *Catherine J. Capuano,* deputy assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

DuPont, C.P.J. This is an appeal by the defendant from the trial court's denial of his motion for the modification of sentences which were imposed following his guilty pleas to crimes charged in seven informations.[1] The court based its denial on its lack of jurisdiction under General Statutes § 53a-39 to modify sentences in excess of three years.

The basic issue of this case is whether General Statutes § 53a-39, as amended by Public Acts 1982, No. 82-428, effective June 8, 1982, applies to the defendant whose crimes were all committed prior to that date, but who was sentenced after that date, and, if so, whether the statute is constitutionally impermissible as a violation of the ex post facto clauses of the United States constitution.[2]

A second issue must also be addressed. General Statutes § 53a-39, after its amendment of June 8, 1982, was

---

[1] The defendant's total effective sentence for all the crimes in the seven informations was eight years, with execution suspended after six years, and three years probation. All of the sentences were to be served at the Connecticut correctional institution at Cheshire. No appeal was taken in connection with the denial of the motion for modification as to one of the sentences, that of eight years, suspended after six years. The sentences for the remaining six informations were of varying definite terms of imprisonment, no one of which exceeded six years, and all of which were to run concurrently with each other and with the seventh sentence. The state has not advanced any claim based on the failure to appeal from the denial of the motion to modify all of the sentences. In view of this court's decision that the trial court had the authority to modify the defendant's sentences, the sentence which is not a subject of this appeal may, upon renewed motion, also be modified, after a hearing, upon good cause shown, and at the discretion of the sentencing judge or court.

[2] The constitution of the United States, article one, § 9 provides: "No . . . ex post facto Law shall be passed." The constitution also expressly provides no state shall pass such a law. U.S. Const., art. I § 10.

in direct conflict with Practice Book § 934 until October 1, 1983, when an amendment to the latter became effective, conforming it to the statute. At the date of sentencing, June 18, 1982, and as of the date the motion to modify the sentences was filed, June 18, 1983, the rule allowed a court to modify a definite sentence in excess of three years, whereas the statute did not.

The rule, until October 1, 1983, and the statute, until June 8, 1982, both provided in part as follows:

"At any time during the period of a definite sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditonal discharge for a period not to exceed that to which he could have been originally sentenced."

Effective June 8, 1982, the statute, but not the rule, was amended to allow only changes in definite sentences of three years or less, as opposed to modification of all definite sentences, regardless of their length.[3]

The amendment of General Statutes § 53a-39 was occasioned by the shift in Connecticut from indeterminate to determinate sentencing. At the time the defendant committed the crimes, and at the time he pleaded guilty, the system of sentencing was determinate. Public Acts 1980, No. 80-442. The same act provided for a review of sentences in excess of three years by the sentence review board, while leaving intact General Statutes § 53a-39 which provided for a review of all definite sentences. The purpose of the amendment

---

[3] There is no need, in this case, to resolve whether the separation of powers provision of the Connecticut constitution was transgressed by the passage of legislation discordant with an existing judicial rule since we hold that General Statutes § 53a-39, as amended, applies prospectively only, to crimes committed after June 8, 1982. Had the defendant in this case committed crimes after June 8, 1982, and before October 1, 1983, however, the issue would have been raised.

to General Statutes § 53a-39 was to limit the sentencing judge or court to a review of definite sentences of three years or less, thereby creating a cohesive body of law relative to sentencing.[4]

Prior to the amendment of General Statutes § 53a-39 and prior to Public Acts 1980, No. 80-442, those sentenced to Cheshire to a determinate sentence in excess of one year could either seek sentence modification under the Sentence Review Act or pursuant to General Statutes § 53a-39. If the former route were chosen, an application for review of the sentence had to be made within thirty days, and if the latter, a motion to modify could be made at any time during the period of the definite sentence. Those committing crimes and sentenced to Cheshire prior to June 8, 1982, for determinate terms in excess of three years, therefore, had a right to seek a reduction in sentence under General Statutes § 53a-39.

Under General Statutes § 53a-39, as amended, those sentenced to Cheshire for a term in excess of three years may no longer seek a reduction in sentence by motion to the sentencing judge or court but must make application within thirty days to the sentence review board.

Until June 8, 1982, General Statutes § 53a-39 provided a mechanism whereby any definite sentence at any time could be reduced at the discretion of the sentencing judge or court. The provisions pertaining to the sentence review board, General Statutes §§ 51-194 through 51-197, also provided a mechanism for review, but a review with the risk that the sentence might be increased, unlike the review of General Statutes § 53a-39 which carried with it no such risk. The sentencing court or judge, in reviewing applications for

[4] See Public Acts 1980, No. 80-442; House Bill 5127, Statement of Purpose.

sentence modifications of definite sentences, performs a function similar to that of a parole board. *Michaels v. York,* 31 Conn. Sup. 350, 352, 330 A.2d 466 (1974). The relief which can be provided, however, is more extensive since the sentence may be reduced or the defendant may be discharged.

General Statutes § 53a-39 is not, by its terms, expressly retrospective. It applies to those serving definite terms of three years or less but does not state whether it is to apply to those committing crimes prior to its effective date.

A statute effecting substantial changes in the law cannot be given retrospective effect unless it is clear such was the legislative intent. *State v. Paradise,* 189 Conn. 346, 456 A.2d 305 (1983). Furthermore, a criminal statute should never be applied retrospectively unless that construction is necessary. Id., 352. In construing a penal statute, in order to determine whether its application is retrospective, it is the date of the crime which controls. *State v. Paradise,* supra. Otherwise, the penal statute is possibly invalid because it changes, to the defendant's detriment, the law in effect at the date of the offense, thereby violating the constitutional prohibition against ex post facto laws. *Weaver v. Graham,* 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d. 17 (1981); see *Lindsey v. Washington,* 301 U.S. 397, 57 S. Ct. 797, 81 L. Ed. 1182 (1937); *United States v. McCall,* 709 F.2d 852 (3d Cir. 1983); *Rodriguez v. United States Parole Commission,* 594 F.2d 170 (7th Cir. 1979); *Shepard v. Taylor,* 556 F.2d 648 (2d Cir. 1977). A criminal statute which applies to crimes occurring before its passage, which disadvantages the defendant and which provides a greater punishment than that existing as of the date the crimes occurred is an ex post facto statute. *Dobbert v. Florida,* 432 U.S. 282, 97 S. Ct. 2290, 53 L. Ed. 2d. 344 (1977).

A statute which removes a sentencing court's discretion to impose less than the maximum sentence can not be applied to persons who have committed crimes prior to the enactment of that statute, since it forecloses, to the defendant's disadvantage, the opportunity to receive less than the maximum sentence. *Lindsey* v. *Washington,* supra.

Similarly, a criminal statute applied retrospectively to reduce the defendant's opportunity to shorten his time in prison by earning good time credits violated the ex post facto clause. *Weaver* v. *Graham,* supra. Reduction or elimination of the defendant's opportunity for obtaining parole has been held to violate the ex post facto clause. Id.; *Dufresne* v. *Baer,* 744 F.2d 1543, 1549 n.18 (11th Cir. 1984); *Rodriguez* v. *United States Parole Commission.,* supra.

Although the consequences of a crime, in terms of punishment, including such matters as parole eligibility, cannot be definitively established until the date of sentencing, it is the date of the crime which controls the possible punishment for the offense. *United States* v. *McCall,* supra. If General Statutes § 53a-39, as amended, were to be applied to the defendant, he would be substantially disadvantaged, in that, at the time he committed the crimes, he could have received sentences for them which would have been subject to review at any time by the sentencing judge, without any risk that the sentences would be increased, and might have been liberated from all custody and control. The defendant's expectation of a particular statutory punishment, including the ability to gain review of that punishment, was frozen in time as of the dates of the commission of his crimes, and that punishment cannot be changed by a subsequent statutory shift in punishment.

There is error, the judgment denying the defendant's motion for modification of sentences is vacated and the case is remanded for a hearing on the defendant's motion.

In this opinion the other judges concurred.