[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this proceeding, Pamela Roberts has filed a five count complaint against Alex Caton, her grandfather. She alleges that she has suffered varied and multiple physical injuries arising out of sexual assaults committed by the defendant throughout her childhood. The last of which assaults is asserted to have occurred in October of 1979. She was born on October 15, 1968, and all of the acts complained of occurred when she was a minor. The action was instituted by service upon the defendant on January 2, 1992.
The defendant has filed a motion to dismiss arguing that the court lacks subject matter jurisdiction because the action was not commenced within the time prescribed by Sec.52-577 of the General Statutes. Roberts argues that subsection d of Sec. 52-577 contains the applicable statute of limitations, and as such claims that the action was timely commenced.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Ziska v. Water Pollution Control Authority, 195 Conn. 682, 687; Practice Book, Sec. 142. If "`. . . the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'" State v. Malkowski, 189 Conn. 101, 104; Woodmont Assn. v. Milford,85 Conn. 517, 524.
Subsection d, as amended by Public Act 91-240, recites that "[n]otwithstanding the provisions of Section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than [two] SEVENTEEN years from the date such person attains the age of majority." The effective date of that Public Act was October 1, 1991. See General Statutes, Sec.2-32. Roberts contends that subsection d applies retroactively to causes of action based on sexual assault of minors, and therefore the court has subject matter CT Page 4377 jurisdiction over the instant action. Caton asserts that subsection d does not apply retroactively, and consequently the court must apply the statute of limitations that was in effect at the time the plaintiff's cause of action accrued, i.e., the three year tort statute of limitations set forth in Sec. 52-577. He continues by urging that because the last act complained of allegedly took place in October of 1979, that Roberts would have had to commence this cause of action prior to October of 1982 in order for it to be timely.
"It is a rule of construction that legislation is to be applied prospectively unless the legislature clearly expresses an intention to the contrary . . . . In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively." Moore v. McNamara, 201 Conn. 16, 22; see State v. Paradise,189 Conn. 346, 351; Lavieri v. Ulysses, 149 Conn. 396, 401. "`A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. [Citation omitted].'" Moore v. McNamara, supra; Jones Destruction Inc. v. Upjohn, 161 Conn. 191, 195. Subsection d did not create the cause of action for personal injury caused by sexual assault, but merely set forth a limitation of time as to the commencement of such actions. It is silent as to words limiting its applicability to prospectivity only. It therefore follows that subsection d is procedural in nature and must therefore be given retroactive application. See Bill v. Swiercz, 6 Conn. L. Rptr. No. 4, 120 (March 30, 1992, Dorsey, J.). While a seventeen (17) year statute of limitations is rather unique to say the least and may well generate vigorous argument as to perceived excess, the rules of construction and our decisions addressing those rules mandate that such retroactivity be accorded this statute. Such retroactivity militates against any conclusion other than the existence of subject matter jurisdiction.
The motion to dismiss is, accordingly, denied.
MORAGHAN, J.