[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 19, 1986, the defendant, Dimitrius Kioukis, entered a plea of Nolo Contendere to the charge of possession of narcotics with intent to sell, in violation of § 21a-277 (a) of the Connecticut General Statutes.
The defendant was sentenced to a period of incarceration by the Honorable Edward F. Stodolink. The defendant has completed his sentence, and has been released.
Prior to accepting the plea of Nolo Contendere, the court conducted a plea canvas. Counsel for the defendant informed the court that his client was a Greek national, and was not a citizen of the United States. (Tr. p. 6.)
The court ascertained that the services of an interpreter CT Page 795 were unnecessary, then addressed the defendant as follows:
 Mr. Kioukis, since you are not a citizen of the United States, by your being found guilty . . . you will be a convicted felon and as a result of that conviction, it is quite possible, if not quite probably, that you would be subject to deportation from this country back to somewhere-I assume back to Greece, but I don't even know that for sure, but the most immediate problem you will have probably as a result of this particular plea is that you are at risk of being deported form this country. Do you understand, sir? [Tr. p. 7.]
The defendant answered: "Yes."
The defendant brings this motion, dated June 16, 1997, more than eleven years after entry of the plea of Nolo Contendere, seeking to vacate the judgment, and withdraw his plea of guilty.
He claims that the plea canvas conducted by Judge Stodolink did not contain the requisite warning mandated by § 54-1j of the Connecticut General Statutes.
Specifically, he claims that the court failed to explain that the consequences which could flow from a finding of guilty might result in "exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."
Section 54-1j, at the time of the plea of Nolo Contendere, read as follows:
 (a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: `If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'
 (b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court. CT Page 796
 (c) If the court fails to advise a defendant as required by subsection (a) of this section and the defendant later at any time shows that his pea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice.
Public Act 97-256 (6) amended subsection (c) of § 54-1j, to provide for a three year time limit following acceptance of the defendant's plea, within which the mandatory provision of the subsection may be invoked. The amended subsection, effective October 1, 1997, now reads:
 "(c) If the court fails to advise a defendant as required in subsection (a) of this section and the defendant [later at any time] NOT LATER THAN THREE YEARS AFTER THE ACCEPTANCE OF THE PLEA shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty. [In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice.]
The defendant's application for United States citizenship was denied. He has therefore suffered one of the consequences enumerated in § 54-1j, and has met the threshold requirement for the bringing of the motion.
The motion, dated June 6, 1997, was heard on December 9, 1997. Briefs were filed on January 5, 1998.
The initial question presented is whether the three year limitation specified in the amendment to § 54-1j contained in Public Act 97-256 (6), applies to this case.
Public Act 97-256 (6) limited the time within which a defendant might avail himself of the mandatory provisions of § 54-1j. By eliminating the open-ended phrase "at any time," and replacing it with the language "not later than three years CT Page 797 after acceptance of the plea," the General Assembly has imposed a statute of limitation upon those seeking to vacate a judgment.
As a general proposition, statutes of limitations are presumed to apply retroactively. Moore v. McNamara, 201 Conn. 16, 11 (1986); Roberts v. Caton, 224 Conn. 483, 488 (1993). Since statutes of limitations are generally considered to be procedural they are presumed to be applicable to all actions, whether pending or not, in the absence of any clearly expressed intention to the contrary. Loew's Enterprises, Inc. v. InternationalAlliance of T.S.E., 127 Conn. 415, 418 (1941); Schurgast v.Schumann, 156 Conn. 471, 486 (1968).
Since Public Act 97-256 (6) imposes no new obligations of substantive law, the defendant's reliance upon § 55-3 is misplaced.
Connecticut courts have, however, recognized a distinction between the application of a statute of limitations in a civil case, and in a criminal case. Although recognizing that procedural statutes will be applied retrospectively absent a contrary legislative intent, that principle of statutory construction has limited application in criminal law. State v.Paradise, 189 Conn. 346, 351 (1983).
In Paradise, defendants charged with Class A felonies were arrested in December of 1981, more than five years after the date of the offenses.
The statute of limitations in effect on the date of the offenses, § 54-193, provided for a five year period of limitations for all felonies. Public Act 76-35, which became effective on April 6, 1976, amended that section to provide that there shall be no limitation of time within which a person may be prosecuted for a Class A felony.
The court refused to give retrospective effect to the Public Act, 76-35, holding that the statute of limitations in effect on the date of the offense was controlling.
Statutes of limitations in criminal cases must be liberally construed in favor of the accused, and are not to be given retrospective effect absent language demonstrating a clear legislative intent that the statute have a retrospective effect.State v. Crowell, 228 Conn. 393, 397 (1994); State v. Paradise, CT Page 798 supra, 352-53.
This principle has been applied, independent of whether the nature of the statute is substantive, or procedural. In re DanielH., 237 Conn. 364, 377 (1996); State v. Jones, 132 Conn. 682,684-85 (1946); State v. Millhouse, 3 Conn. App. 497, 501 (1985).
Neither the language of Public Act 97-256 (6) nor the legislative history of the amendment, provides a clear and unambiguous legislative intent that the amendment be given retrospective effect.
During debate in the House of Representatives, Representative Michael Lawlor, Chairman of the Judiciary Committee, stated that the amendment "essentially would close a wide loop hole available to convicted offenders in order to obtain new trial. I think it's a reasonable time three years to discover such a mistake was made and to return to court . . . " 40 H.R. Proc., Pt. 13, pp. 86-87.
Representative Lawlor also stated that the bill "limits the time when a convicted offender can claim that they are entitled to a new trial based on that mistake to not later than three years after the acceptance of the plea." 40 H.R. Proc., Pt. 13, p. 87.
While Representative Lawlor's comments could be construed to apply to those already convicted, and the evidence a remedial intent, they fall short of the "clear legislative intent" required before a statute can be given retrospective effect.
Nor is there any language in the amendment itself which supplies such a clear intent.
Applying these principles to the case at bar, the amendment concerning the three year limitation incorporated into § 54-1j
through the adoption of Public Act 97-256 (6), will not be given retrospective effect.
Having determined that the three year statute of limitations does not apply, it is necessary to measure the plea canvas in this case, against the requirements of § 54-1j.
The defendant does not argue that the statutory language must be read verbatim during a plea canvas. The purpose of the §54-1j warning is satisfied, if the court informs, or gives notice CT Page 799 to a defendant, of the information quoted in subsection (a) of § 54-1j. State v. Gordon, Superior Court, judicial district of Waterbury, Docket No. 15991 (April 27, 1995, Murray, J.);Commonwealth v. Lamrini, 27 Mass. App. 655 (1989).
In Gordon, the court (Lavery, J.), asked: "Do you understand that if I accept your plea of guilty, you're subject to deportation, refusal of admission to the United States."
The court went on to inquire: "And that any type of citizenship that you wish to get in the United States is in jeopardy. Do you understand that?"
That language, although not a verbatim recitation of §54-1j, was sufficient to place the defendant on notice of the consequences of a finding of guilty, the court determined.
Here, the court specifically addressed the issue of deportation. The plea canvas is silent, however, as to the remaining consequences contained in 54-1j. No mention was made of exclusion from admission to the United States, or of a possible denial of naturalization.
The defendant was therefore not put on notice, by the canvas, that plea of nolo contendere and a finding of guilty might have the consequence of exclusion from admission from the United States, or denial of naturalization.
Therefore, as required by the mandatory language of § 54-1j(c) of the Connecticut General Statutes, the judgment of guilty is hereby vacated, and the defendant's plea of nolo contendere is withdraw. a pro forma plea of Not Guilty is entered.
It is further ORDERED, that the defendant present himself at the judicial district of Danbury at Danbury on February 3, 1998, at which time a bond sufficient to guarantee his appearance at future court proceedings will be set.
The judgment is hereby VACATED.
The defendant's Motion to Vacate Judgment and Withdraw Guilty Plea is GRANTED.
Radcliffe J. CT Page 800