[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE JUDGMENT AND PERMIT THE DEFENDANT TO WITHDRAW HIS PLEA OF NOLO CONTENDERE
The defendant, Juan Parra, through counsel filed a Motion toVacate Judgment and Permit the Defendant to Withdraw his plea ofnolo contendere on November 4, 1997. The defendant plead nolo contendere to the charge of Manslaughter in the Second Degree with a Motor Vehicle while intoxicated in violation of C.G.S.53a-56b on June 28, 1991. He moves to vacate this plea upon the grounds that the Court's canvass failed to advise him of the consequence this plea of nolo contendere would have upon his immigration status by way of C.G.S. 54-1j. The defendant contends his plea subjects him to possible deportation by the U.S. Immigration Service. It should be noted that the defendant indicates that, as of this date, no action has occurred with regard to deportation.
The issue is whether Public Act 97-256, which replaced C.G.S.54-1j and took effect on October 1, 1997, can be applied retroactively. The only change to this statute is in subsection (c)[1] which was amended to include a statutory limitation on the time frame in which a motion to withdraw could be filed. The party now must bring his motion no later than three years after he enters his plea.
The law in Connecticut is well established. "A statute `affecting substantial changes in the law' is not to be given CT Page 7859 retroactive effect unless it clearly and unequivocally appears that such was the legislative intent." State v. Paradise,189 Conn. 346, 351 (1983). A procedural statute, however, will be applied retroactively without a legislative imperative to the contrary unless "consideration of good sense and justice dictate that it not be so applied." Id.
Under both Federal precedents and under the law of Connecticut, a statute may have retroactive effect if the legislature so intends and if the statute does not enact a substantive change in the law. The defendant claims that the Court should apply the version of the law in effect at the time the offense was committed. Ex post facto laws are forbidden under the Constitution of the United States. The defendant contends that this change in the law is in fact substantive in nature.
The Court disagrees. Even if it is assumed that C.G.S. 54-1j
subsection (3) represents a change in the law, the change is, at most, procedural in nature. "[C]hanges in procedural law do not ordinarily give rise to violations of the prohibition against ex post facto laws in article one, Sec. 10 of the United States Constitution. [T]he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation . . . and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." Beazell v. Ohio, 269 U.S. 167, 171,46 S.C. 68 70 L-Ed. 216 (1925) See also Payne v. Fairfield HillsHospital, 215 Conn. 675, 683 (1990). The changes to C.G.S. 54-1j
as replaced by Public Act 97-256 are not a substantive change in the law. The elements of the penal offense have not been changed.
The Court has reasoned its decision upon the issue of whether the change in the statute should or should not be applied retroactively. Therefore, the Court will not discuss the claim if the prior proceeding is sufficient to inform the defendant of his deportation status.
Accordingly, the defendant's motion to vacate is denied.
By the Court,
IANNOTTI, J.