[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Before the court is the defendant's motion to dismiss pursuant to Practice Book § 41-8(3),[1] dated June 20, 2000. The motion was originally filed in the Juvenile Division of the Superior Court. The court there declined to rule on the motion.[2] The case was transferred to the Criminal Division of the Superior Court, and the motion has been heard and submitted for decision to this court.
The information charges the defendant with the murder of Martha Moxley in the town of Greenwich on or about October 30-31, 1975, in violation of General Statutes § 53a-54a. The defendant claims in his motion that the statute of limitations in effect at the time of the offense, General Statutes (Rev. to 1975) § 54-193, bars his prosecution after five CT Page 16463 years from the date of the offense. It is undisputed that the prosecution of the defendant commenced after this period.[3]
General Statutes (Rev. to 1975) § 54-193, the statute of limitations in effect at the time of this offense, provided in pertinent part as follows:
 "Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. No person shall be prosecuted for treason against this state, or for any crime or misdemeanor of which the punishment is or may be imprisonment in the Connecticut Correctional Institution, Somers, except within five years next after the offense has been committed; nor shall any person be prosecuted for the violation of any penal law, or for other crime or misdemeanor, except crimes punishable by death or imprisonment in the Connecticut Correctional Institution, Somers, but within one year next after the offense has been committed. . . ."
The parties do not disagree that this is the statute of limitations that applies to the instant case. However, they differ over its meaningas applied here. More particularly, the parties dispute the correct interpretation of a series of Connecticut Supreme Court decisions that bear on the issue of whether the prosecution of this defendant is time-barred. These decisions are State v. Paradise, 189 Conn. 346,456 A.2d 305 (1983), State v. Ellis, 197 Conn. 436, 497 A.2d 974 (1985), on appeal after remand sub nom. State v. Paradise, 213 Conn. 388,567 A.2d 1221 (1990), and State v. Golino, 201 Conn. 435, 518 A.2d 57
(1986).
In the consolidated appeals in Paradise, the two defendants, Paradise and Ellis, were arrested in 1981 and charged in informations with murder, in violation of General Statutes (Rev. to 1975) § 53a-54a,[4]
and other class A felonies in connection with the homicide of one Cunningham in 1974. State v. Paradise, supra, 189 Conn. 347. The defendants moved to dismiss the informations on the ground that their prosecution was barred by the expiration of the five year limitation period in General Statutes (Rev. to 1975) § 54-193, which was the statute of limitations in effect at the time of the offense in 1974. Id., 347-48. The trial court agreed with the defendants, dismissed the informations, and the state appealed. Id., 348. On appeal, the state argued that Public Acts 1976, No. 76-35,[5] which became effective on April 6, 1976, amended the then existing General Statutes (Rev. to 1975) § 54-193 to provide that there shall be no limitation of time within which a person may be prosecuted for a capital or class A felony, and CT Page 16464 that it should be applied retroactively. Id., 350.
The Supreme Court, in finding that there had been no error in the dismissal of the informations, held that General Statutes § 54-193, as amended by Public Acts 1976, No. 76-35, could not be given retrospective effect inasmuch as there was nothing in the statute evincing a "clear legislative intent" to do so. Id., 353.[6] It is this holding upon which the defendant in the present case primarily relies. He claims, like the defendants in State v. Paradise, that the five year statute of limitations set forth in General Statutes (Rev. to 1975) § 54-193 applies to this crime, which was committed in 1975, and prevents his prosecution.
In determining whether there is a limitation of prosecution in the present case, consideration must also be given to the Supreme Court's decisions in State v. Ellis, supra, 197 Conn. 436, and State v. Golino, supra, 201 Conn. 435. In Ellis, the Court entertained the consolidated appeals of three defendants, two of whom were the same defendants inParadise. Subsequent to the State v. Paradise decision in 1983, theParadise defendants were rearrested on charges of capital felony, in violation of General Statutes § 53a-54b (5).[7] State v. Ellis, supra, 197 Conn. 439. The third defendant, Worthington, who was not originally arrested with the Paradise defendants in 1981, was also arrested on charges of capital felony. Id. Worthington moved to dismiss the capital felony indictment, arguing that General Statutes (Rev. to 1975) § 54-193 barred prosecution for capital felony unless the prosecution commenced within five years from the date of the offense.[8]
Id., 440.
The Ellis Court determined that, to accurately examine General Statutes (Rev. to 1975) § 54-193, whose original predecessor had been enacted in 1821, the court must not interpret the statute in a vacuum, but "must ascertain the statutes's meaning by considering its history, its language, the purpose it is designed to serve and the circumstances surrounding its enactment." (Internal quotation marks omitted.) Id., 445. Accordingly, the Court conducted an historical overview of the statute of limitations. It noted that "[t]hen, as now, crimes were classified according to their punishments. While the punishment of crime and the criminal law itself have changed significantly . . . the language and structure of our limitations statute remains substantially the same." Id., 442. In examining the 1821 statute of limitations, the Court concluded that "the statute, as a whole, represents a system, a classification scheme whereby the allowable period of prosecution is related to the gravity of the offense." (Emphasis added.) Id., 450.
The Court also addressed legislative amendments over the years, in CT Page 16465 particular one in 1846 dividing the crime of murder into first degree and second degree for purposes of the statute of limitations and another in 1951 abrogating the mandatory death penalty for murder in the first degree. Id., 456. Although the Court noted that the death penalty would be unconstitutional following a decision by the United States Supreme Court; Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, reh. denied, 409 U.S. 902, 93 S.Ct. 2726, 33 L.Ed.2d 346 (1972); it did "not believe that the legislature, in abrogating the mandatory death penalty, intended to reclassify murder in the first degree as a crime not punishable by death." Id., 456-57. The Court borrowed the reasoning and analysis in State v. Zarinsky, 75 N.J. 101, 110, 380 A.2d 685 (1977), when that court "chose to examine individually each legislative enactment affected by the concept of crimes punishable with death in view of the broader policy goals implicated in the legislative design." (Internal quotation marks omitted.) State v. Ellis, supra, 197 Conn. 457. The Court found that "[t]he concerns addressed by the 1951 legislature with regard to capital punishment bear no substantive relationship to the competing interests underlying the statute of limitations. Since 1672, our legislatures have resolved these interests by refusing to grant repose to those accused of capital crimes. It is unlikely that the 1951 legislature intended to alter this deep-rooted understanding." Id., 457-59.
The Court further addressed the 1976 amendment to General Statutes § 54-193 which removed any time limitation on the prosecution of a capital felony or class A felony. The Court noted that the sponsor of the 1976 amendment, Senator David H. Neiditz, stated that its purpose was to clarify the existing law. Id., 460. In considering the 1976 amendment and the remarks of its sponsor, the Court determined that the legislature never intended to place time limitations on capital prosecutions. Id. Accordingly, the Ellis Court held that General Statutes (Rev. to 1975) § 54-193 permitted the prosecution of a defendant, charged with capital felony in violation of General Statutes (Rev. to 1975) §53a-54b (5), who was first arrested in 1983 for a homicide committed in 1974.
The final piece to the statute of limitations trilogy is State v.Golino, supra, 201 Conn. 435 (1986). In Golino, the defendant had been arrested in 1984 and charged with murder, in violation of General Statutes (Rev. to 1972) § 53a-54 (a)(1),[9] for a homicide committed in 1973. The Golino Court held that "because § 53a-54 (c) prescribes a possible death sentence, a violation of § 53a-54 (a)(1) is an offense `punishable by death' for purposes of the statute of limitations, and accordingly, prosecution of the defendant in 1984 for the 1973 slaying is not time-barred." Id., 438-39. The defendant maintained that because he could not constitutionally have been sentenced to death, in light of the United States Supreme Court's decision in CT Page 16466Furman and our Supreme Court's decision in State v. Aillon, 164 Conn. 661,295 A.2d 676 (1972), the court should apply the five year statute of limitations for crimes punishable by imprisonment at Somers. Id., 439. The Court stated that if the challenged statutory provision, "crime punishable by death," is "inextricably tied to the imposition of the death penalty, upon abolition of the death penalty, that procedural provision would fall; on the other hand, if the history and purpose underlying the provision evidences a broader policy goal, that provision should be interpreted to effectuate such a goal." (Internal quotation marks omitted.) Id., 440-41.
In finding that the history and purpose underlying the statutory provision evidences a broader policy goal, the Court, in quoting its previous decision in Ellis stated that "[a]lthough we acknowledge the fundamental principle that criminal statutes are to be strictly construed, it is equally fundamental that the rule of strict construction does not require an interpretation which frustrates an evident legislative intent." (Internal quotation marks omitted.) Id., 441. Relying on the rationale and analysis in Ellis the Golino Court reaffirmed the conclusion that our statute of limitations "as a whole, represents a system, a classification scheme whereby the allowable period of prosecution is related to the gravity of the offense." (Emphasis in original.) Id., 444.
The Court, as it did in Ellis, looked again to legislative intent and viewed remarks of the sponsor of the 1976 amendment to determine that the "pre-1976 statute of limitations was not intended to bar a prosecution for murder, the crime with which the defendant is charged, even though in 1973 the defendant could not have been sentenced to death." Id., 445. The Court addressed the matter of the unconstitutionality of the death penalty and concluded that "[t]he fact that particular procedures for implementing the death penalty were held unconstitutional in Furman. . . and State v. Aillon . . . does not diminish the serious nature of an offense which, prior to those decisions, was punishable by death. We conclude that the legislature used the phrase `punishable by death' as a shorthand reference to a category of crimes which, because of their atrocious nature, would always be amenable to prosecution." Id., 446.
Finally, Golino appears to certify the limited nature of what was under consideration by the Court in Paradise, upon which the present defendant heavily depends. In Paradise, the Court simply held that Public Acts 1976, No. 76-35,[10] amending General Statutes (Rev. to 1975) §54-193 was not, by its terms, retroactive. See, Golino, supra,201 Conn. 440 n. 5. ("In State v. Paradise, 189 Conn. 346, 456 A.2d 305
(1983), we addressed the narrow issue of whether this amendment could be applied retroactively. We ruled it could not, because the amendment, by CT Page 16467 its terms, did not provide for its retroactive application. Id., 353.).
In conclusion, the correct analysis of the issue presented gives great regard to the gravity of the offense charged, not solely its punishment. Connecticut precedents show that the gravity of the offense charged here, the crime of murder, has been historically unquestioned. This court, in examining the decisions and statutes together and as a whole, is not persuaded that the statute of limitations in effect at the time of the offense charged in 1975, General Statutes (Rev. to 1975) § 54-193, bars the prosecution of the defendant. Therefore, the motion to dismiss is denied.
So ordered.
KAVANEWSKY, J.