## State of Connecticut *v.* Earle Allen, Jr.
### (5543)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released September 15, 1987

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, was *John Waddock,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of the trial court denying his motion for correction of an illegal sentence. His sole claim is that, where

the information to which he pleaded nolo contendere charged him with risk of injury to a minor "on divers dates 1980 through March 5, 1984," the court was required to sentence him pursuant to General Statutes § 53a-35, which applies to felonies committed prior to July 1, 1981, rather than pursuant to General Statutes § 53a-35a, which applies to felonies committed on or after July 1, 1981, even though his plea bargain called for an agreed recommendation to the court for a sentence pursuant to § 53a-35a. We find no error.

The defendant's crimes involved repeated sexual intercourse with his two children, a daughter and a son. On September 4, 1984, he pleaded nolo contendere to two counts of the crime of risk of injury to a minor child in violation of General Statutes § 53-21.[1] Each count charged that the defendant "on divers dates 1980 through March 5, 1984 . . . did commit certain acts likely to impair the health or morals of a minor child . . . . " There was an agreed recommendation to the court for concurrent sentences of seven and one-half years on both counts.

In the course of the plea canvass, the state represented to the court that the factual bases for the pleas were that, as to his thirteen year old daughter, "she had been the victim of sexual [intercourse] with her father for the past three years or so dating back to 1980 on," and, as to his fifteen year old son, "that he had had sexual [intercourse] with [the defendant] over a period going back to 1980 and through roughly 1983." At the time of the pleas, the defendant indicated that there was some question as to whether he should be sentenced pursuant to the statutes governing felonies committed prior to July 1, 1981, or felonies committed

---

[1] The defendant also pleaded nolo contendere to, and was ultimately given a suspended sentence on, two counts of sexual assault in the second degree. At oral argument before this court, he made clear that he does not challenge those sentences.

on or after July 1, 1981. The purpose of this discussion was to determine how the defendant's statutory credits toward his sentence should be calculated, not which statute should apply to the actual sentence. The defendant had arranged with the appropriate officer of the department of correction to have his credits computed on the basis of the pre-July 1, 1981 statute, because that would be more favorable to him, even though he was going to be sentenced pursuant to the post-July 1, 1981 statute. The state agreed to this procedure, and the defendant specifically requested the court to include such a provision in the mittimus.

The court accepted the pleas and, on July 22, 1985, in accordance with the agreed recommendation, imposed a definite sentence of seven and one-half years on each count, to run concurrently for an effective sentence on both counts of seven and one-half years. These sentences were imposed pursuant to General Statutes § 53a-35a, which governs the sentences for felonies committed on or after July 1, 1981.

Subsequently, the defendant filed, pursuant to Practice Book § 935, a motion for correction of his sentence. He claimed that his sentence was illegal because the crimes for which he was convicted occurred both before and after July 1, 1981, and that the court was without a rational basis to determine whether his sentence should have been determined by General Statutes § 53a-35 or by General Statutes § 53a-35a. The significance of the defendant's claim is that a sentence imposed pursuant to § 53a-35, for felonies committed prior to July 1, 1981, would have been an indeterminate sentence. See General Statutes § 53a-35 (a) and (c) (3). Because the crime of risk of injury to a minor child in violation of General Statutes § 53-21, for which the defendant was sentenced, is an unclassified felony, the court would have been required to impose a minimum term "in accordance with the sentence specified in the

section of the general statutes that defines the crime." General Statutes § 53a-35 (c) (3).[2] The sentence of the court in this case, however, was imposed pursuant to § 53a-35a, for felonies committed on or after July 1, 1981, and was a definite sentence.

It is axiomatic that "it is the date of the crime which controls the possible punishment for the offense." *State* v. *Millhouse,* 3 Conn. App. 497, 502, 490 A.2d 517 (1985). The defendant claims, however, that the trial court, faced with an information which did not divide his crimes between those committed before and after July 1, 1981, had no rational basis on which to select the applicable sentencing statute and was, therefore, required to select the one which was more lenient toward him, namely, § 53a-35. We disagree.

First, where a sentencing statute which is applicable to a continuing offense is amended during the course of the commission of that offense, and where the offense is not completed until after the effective date of the amended statute, the defendant is subject to the penalties provided by that amended statute. *State* v. *Hayes,* 127 Conn. 543, 604–606, 18 A.2d 895 (1941); *State* v. *Kemp,* 126 Conn. 60, 85, 9 A.2d 63 (1939). The information filed in this case charged that "on divers dates 1980 through March 5, 1984 . . . the said [defendant] did commit certain acts likely to impair the health or morals of a minor child . . . in violation of Section 53-21 of the Connecticut General Statutes." General Statutes § 53-21 defines a crime which, depending on the facts of the case, may be a continuing offense or may be an offense which is completed upon the happening of a single event. This information was treated by the court and the parties as a continuing offense,

---

[2] The defendant does not dispute, however, the state's assertion that the minimum term would not have been limited to one half of the maximum imposed, and could have been anything less than the maximum imposed. Cf. General Statutes § 53a-35 (c) (2).

beginning in 1980 and not ending until 1984. The court therefore was entitled to sentence the defendant, pursuant to § 53a-35a, for the continuing offense to which he had pleaded nolo contendere.

Second, the court had before it (1) an agreed recommendation for a definite sentence pursuant to § 53a-35a, (2) the state's statement of facts made at the time of the entry of the plea, and (3) an awareness by both the state and the defendant that, although there was some question as to the applicable sentencing statute, he would be sentenced pursuant to the statute governing criminal conduct which postdated July 1, 1981. The statement of facts indicated to the court that the acts of sexual intercourse with the victims were part of a course of conduct which began in 1980 and continued through 1984. Thus the court was entitled to infer, and the defendant does not claim otherwise, that most of the acts of sexual intercourse occurred after July 1, 1981. The defendant was aware of, and did not object to, the fact that his sentence was for a course of criminal conduct which spanned the periods covered by the two sentencing statutes. Under this unique coalescence of circumstances, the court was justified in treating as surplusage the reference in the information to the defendant's pre-July 1, 1981 conduct, and in accepting the agreed recommendation for a definite sentence pursuant to General Statutes § 53a-35a.

There is no error.

In this opinion the other judges concurred.