STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DIAMOND BRUNO, PLAINTIFF IN ERROR.

Submitted January 20, 1948—Decided March 29, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the defendant in error, *J. Victor Carton*, Prosecutor of the Pleas, and *John M. Pillsbury*, Assistant Prosecutor.

For the plaintiff in error, *Joseph F. Mattice* and *William J. O'Hagan*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The defendant was convicted in the Monmouth County Court of Quarter Sessions of the crime of rape. The matter is brought before us by the defendant below on assignments of error and also on specifications of causes for reversal.

The indictment charged:

"That Diamond Bruno, late of the City of Long Branch, in the County of Monmouth, on the Seventh day of May, in the year of Our Lord one thousand nine hundred and forty-five, with force and arms, at the City of Long Branch aforesaid, in the County aforesaid, and within the jurisdiction of this Court, in and upon one Irma St. Laurent, in the peace

of God and of this State then there being, violently and feloniously did make an assault  *  *  *."

The court included this finding and direction within its charge to the jury:

"The indictment does allege that, 'The defendant, Diamond Bruno, late of the City of Long Branch and County of Monmouth, on the 7th day of May in the Year of Our Lord One Thousand Nine Hundred Forty-Five, with force *at* (*sic*) arms at the City of Long Branch aforesaid and County aforesaid and within the jurisdiction of this Court  *  *  *.' Even though there is no direct allegation in this indictment of an offense which may have occurred in Ocean Township as was told to you by Mr. Mattice, that does not make any difference, because the Court of its own motion, which it has a right to do, amends the indictment to read, 'At the City of Long Branch and the Township of Ocean.' So that you may consider the indictment as including the two offenses that you have heard testified to during these past two days."

Defendant alleges harmful error therein.

The complaining witness testified that the defendant committed a rape upon her in an automobile in the rear of a closed hotel in the City of Long Branch; that some hours later he committed a rape upon her on a bed in a cabin connected with "Colony Court Motel," in the adjoining Township of Ocean, a distance of several miles, to which the defendant had meanwhile driven the car; and that she was constantly under forceful restraint and for a part of the time was unconscious. The defendant testified that the incident alleged to have taken place in the car at Long Branch did not occur, that the woman was at all times free to act and that she voluntarily entered the cabin and there of her own will engaged in intercourse.

So the jury, depending on its appraisal of the testimony, could have found that there was no act of rape; or that there was such an act at one but not at the other place; or that there were two such acts, one at each place, separated by a period of full control by the woman over her own actions; or that there was, as the prosecutor argues. a prolonged assault, constituting a continuous act with varying degrees of

intensity. But the court did not charge upon the assumption of a continuous act. It charged that the indictment could be considered as including two offenses, one in Long Branch and one in Ocean Township, and not only so charged but accordingly altered the indictment. The wording of the charge makes clear that the indictment was amended to meet a point advanced by the defendant in summation. No opportunity was given to counsel to be heard either on the propriety of such an amendment or to meet the same with testimony or by further summation. There was a general exception to the charge and a particular exception to the part now under discussion. The amendment was not to correct a variance between the statement in the indictment and the evidence offered in proof thereof in the name of a municipality or place (*R. S.* 2:188–9); it was to make an addition in the charge of crime. As the indictment charged a single offense and the judge instructed the jury to consider that it charged two offenses, we see no escape from the conclusion that the defendant was held, contrary to the provisions of article I, paragraph 9 of the State Constitution, on one offense for which he had not been indicted. If we assume that the court had the authority to make timely amendment of the indictment, we still find error in the fact that the defendant was not given opportunity to meet the indictment as amended.

We have examined the remaining points argued in the briefs and find no prejudicial error therein.

The judgment of conviction will be reversed, and a *venire de novo* awarded.