STATE OF CONNECTICUT *v.* JAMES LEROY
(5324)

BORDEN, SPALLONE and DALY, Js.

Argued May 10—decision released September 27, 1988

*Paul N. Rotiroti,* certified legal intern, with whom were *Todd D. Fernow* and, on the brief, *Michael R. Sheldon,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Susann E. Gill,* assistant state's attorney, and *Patrick Cosgrove,* former assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of assault in the second degree with a motor vehicle while intoxicated in violation of General Statutes (Rev. to 1983) § 53a-60d (a).[1]

The dispositive issue on appeal is whether the trial court erred in instructing the jury to apply the prima facie provisions of General Statutes (Rev. to 1985) § 14-227a (d)[2] in determining whether the defendant was intoxicated within the meaning of the charged offense of assault in the second degree with a motor vehicle, in light of the fact that the state was not required to comply with the procedural safeguards of General Statutes (Rev. to 1985) § 14-227a (c).[3] We find error.

The jury could reasonably have found the following facts. On September 29, 1984, at approximately 3 a.m.,

[1] General Statutes (Rev. to 1983) § 53a-60d provides in pertinent part: "(a) A person is guilty of assault in the second degree with a motor vehicle while intoxicated when, in consequence of his intoxication while operating a motor vehicle, he causes serious physical injury to another person."

[2] General Statutes (Rev. to 1985) § 14-227a (d) provides in pertinent part: "Evidence admitted under the provisions of subsection (c) shall have the following force and effect: . . . (4) evidence that at such time the ratio of alcohol in the blood was ten-hundredths of one per cent or more of alcohol by weight shall be prima facie evidence that the defendant was under the influence of intoxicating liquor within the meaning of this section."

[3] General Statutes (Rev. to 1985) § 14-227a (c) provides in pertinent part that: "evidence respecting the amount of alcohol . . . in the defendant's blood . . . at the time of the alleged offense, as shown by a chemical analysis of the defendant's . . . breath, blood or urine shall be admissible and competent provided" that seven procedural requirements were met.

the defendant was driving his motor vehicle in an easterly direction on Shaker Road in Enfield. The defendant crossed the center line and collided with a vehicle driven by Leslie Daniel, who was proceeding in the opposite direction. The victim was rendered unconscious for several days and suffered serious physical injuries as a result of the impact.

Officer Patrick Droney of the Enfield police department observed the defendant at the scene of the accident and testified that the defendant was swaying, that he was slurring his words, that he was emitting a moderate odor of alcohol, and that the defendant was unable to perform balance and coordination tests administered. Sergeant Raymond Bouchard, another officer at the scene, testified that there was a strong odor of alcohol emanating from the defendant and that the defendant had slurred speech and glassy eyes. Bouchard confirmed that the defendant was unable to pass the field tests administered by Droney. The defendant consented to an intoximeter test after admitting that he had "had a few." The intoximeter test resulted in an alcohol blood level reading of .215 percent.

At trial, Abraham Stolman, chief state toxicologist, testified to the effects of alcohol upon a person's physical and mental capacities and, over the defendant's objection, that the state law presumed that a person who registered an alcohol blood level reading of .10 or higher on the intoximeter was legally intoxicated. The trial court in its charge to the jury instructed that it could consider the prima facie provisions of General Statutes (Rev. to 1985) § 14-227a (d) in determining whether the state had proven the element of intoxication beyond a reasonable doubt.

The defendant claims that the trial court erred in instructing the jury that it could use the prima facie

evidentiary provisions of § 14-227a (d), particularly when the state had not complied with the procedural safeguards, in determining whether the state had established that the defendant caused the victim's serious physical injuries "in consequence of his intoxication while operating a motor vehicle." General Statutes (Rev. to 1983) § 53a-60d. We agree.

We first consider the state's argument that the defendant's claim is unreviewable because he failed to raise it at trial with sufficient clarity to alert the trial court to his true position. "The failure of the defendant to state distinctly the matter being objected to immediately after the conclusion of the charge ordinarily renders the claim of error unreviewable on appeal." *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986). The requirements of counsel in preserving his client's claim for appeal are abundantly clear and have been spelled out on numerous occasions.

"The defendant is required to raise a claim distinctly at trial. Practice Book § 4185 (formerly § 3063). Exceptions to a trial court's ruling must be distinct and specific to preserve the claim. See *State* v. *Barrett,* 197 Conn. 50, 53 n.2, 495 A.2d 1044 (1985), rev'd, 479 U.S. 523, 107 S. Ct. 828, 93 L. Ed. 2d 920 (1987). 'The requirement that the claim be raised "distinctly" means that it must be "so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked." (Emphasis added.) *Woodruff* v. *Butler,* 75 Conn. 679, 682, 55 A. 167 (1903).' *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986)." *State* v. *Sullivan,* 11 Conn. App. 80, 101, 525 A.2d 1353 (1987).

In this case, the defendant objected to the admissibility of the intoximeter results on the grounds that the results were inapplicable to this offense[4] and that the

---

[4] The following colloquy occurred at trial:

"Mr. Austin [counsel for the defendant]: If I might for the record, Your Honor, I point out that the particular statute that we are here defending

state failed to follow the procedural guidelines.[5] Defense counsel also objected to the testimony of Stolman regarding the prima facie evidence of a .10 blood alcohol level reading.[6] Moreover, counsel specifically requested a charge excluding any reference to "under the influence." During the trial, the trial court indicated that it intended to discuss "under the influence." The trial court informed counsel that: "I think it is relevant in view of what my charge on intoxication would be, I do intend to use the word[s] operating under the influ-

was enacted after that particular case. The purpose of the statute was to emphasize the drunk driving laws. I can't believe that those particular sections do not apply to this.

"And, Your Honor, for the record we can do it now or ask the jury to be removed, but once he testifies in front of the jury I want on the record that I'm moving to strike his testimony with regard to these test results.

"The Court: And I'm going to deny your motion so don't even bother making it before the jury. You can have your exception right now.

"Mr. Austin: Okay. Fine, Your Honor. I just want it for the record.

"The Court: I'm going to permit him to testify as to the reading. If he'll testify that he was shown the tape, do that in the presence of the jury, I'm going to allow it and you can have your exception ahead of time.

"Mr. Austin: Thank you, Your Honor."

[5] Defense counsel raised the following objections:

"Mr. Austin: Your Honor, I object first of all this person hasn't been testified by the state as a person should who gives this particular evidence. I still believe he learned of it as hearsay.

"This is highly prejudicial without the basis foundation as required under driving under the influence. I can't believe that a person who's driving under the influence, a less crime, is afforded more rights than a person charged with a class D felony. It seems inherently—

"The Court: It is fair to say, Mr. Austin, your objection is for the failure of the state to comply with the requirements of section 14-227a (c) which lays out the requirements of admissible chemical evidence?

"Mr. Austin: That's correct, Your Honor."

[6] The objection was as follows:

"Mr. Cosgrove [assistant state's attorney]: At that level is someone presumed to be under the influence?

"Mr. Austin: Objection, Your Honor.

"The Court: The basis of your objection?

"Mr. Austin: Totally irrelevant to this case right now, Your Honor.

"Mr. Cosgrove: I believe it is perfectly relevant, Your Honor."

ence." Finally, the record clearly indicates that counsel duly excepted to the trial court's failure to delete the phrase in its charge.

This court has recently held in *State* v. *Shaw*, 12 Conn. App. 294, 302, 530 A.2d 653 (1987), that where the defendant objected to the incorporation, in the court's instructions to the jury, of the provisions of General Statutes (Rev. to 1985) § 14-227a (d) without the protective procedural requirements of § 14-227a (c), the defendant's claim of error was properly preserved for appeal. Likewise, in this case we can confidently state that the defendant's claim was made with sufficient clarity and that it was understood by the trial court.

We turn, therefore, to the merits of the defendant's claim. We conclude that the provisions of § 14-227a (d) do not apply to a prosecution of assault in the second degree with a motor vehicle while intoxicated in violation of § 53a-60d (a), on the basis of the rationale as expressed by this court in *State* v. *Shaw*, supra. The statutory language specifically referring to the violation of § 14-227a (a) and (b) must, therefore, be read to exclude its applicability to other statutes.

"On the basis of our conclusion that the provisions of General Statutes § 14-227a do not apply to a prosecution under General Statutes [(Rev. to 1983) § 53a-60d (a)], we must decide whether the trial court's instructions to the jury regarding the effect of the prima facie provisions of General Statutes (Rev. to 1985) § 14-227a (d) on its determination of whether the defendant was intoxicated within the meaning of General Statutes [(Rev. to 1985) § 53a-60d (a)] requires reversal. 'The question of whether reversal is required because of this error depends on the likelihood that it influenced the jury. We have stated that in cases involving constitutional error, the test is whether it is reasonably possible that the jury was misled. *State* v. *Rose*,

169 Conn. 683, 687–88, 363 A.2d 1077 (1975).' *State v. Shifflett,* 199 Conn. 718, 754, 508 A.2d 748 (1986). Since our conclusion rests on statutory grounds, and is not of constitutional magnitude, it must be determined whether it was reasonably probable that the jury was misled." Id., 302–303.

It is clear from the record that the jury was well aware of the defendant's blood alcohol level and the statutory presumption flowing from a blood alcohol level of .10 percent. Stolman testified that the result of the test of the defendant's blood alcohol level was .215 percent, and explained that the law presumed that all persons with a blood alcohol level of .10 percent or more are adversely affected. The jury was presented with the damaging expert testimony of Stolman, which was buttressed by the weight that the law itself lent to such evidence. The state, in its closing argument, reiterated Stolman's recitation of General Statutes § 14-227a by stating that "at .10 you're presumed to be under the influence and you're unfit to operate a motor vehicle safely . . . well, we have a defendant that at 4:07 [a.m.] was .215." The state ended its discussion of intoxication by pointing out that "under the law you're presumed, prima facie, under the influence at .10 and it's been that way since 1971, .10. This defendant was well over two times that limit." The trial court added the weight of the statutory presumption to the jury's determination of whether the defendant was intoxicated, which reinforced the state's argument that the law itself deemed the defendant to have been intoxicated.

In its charge, the trial court offered the following definition of intoxication: "When it is apparent that a person is under the influence of liquor when his manner is unusual or abnormal or is reflected in his walk or conversation, when his ordinary willpower temporarily is suspended, when these or similar symptoms result

from the use of liquor and are manifest a person may be found to be intoxicated." The court also informed the jury, however, that: "The operating under the influence statute makes certain provisions in the event there is evidence of the amount of alcohol in the defendant's blood. Now, our statute provides that evidence that the defendant's blood contained ten-hundredths of 1 percent or more of alcohol by weight is prima facie evidence that the defendant was under the influence of intoxicating liquor within the meaning of the statute."

We note that the critical issue at trial was whether the defendant was intoxicated at the time of the accident. In determining whether a jury instruction was misleading, it is appropriate to consider how it bears on the issue of the case. In this case, while the state's evidence was strong, as set out previously, the issue of the defendant's intoxication was nonetheless in dispute.

Ralph Adamczyk, an eyewitness to the accident, testified that he did not believe that the defendant was drunk, that he found nothing odd in the defendant's demeanor, and that he did not see the defendant fall or stumble. Additionally, Adamczyk did not smell alcohol on the defendant's breath and did not consider the defendant's speech to be slurred. Moreover, Droney, who had testified on direct examination that the defendant was staggering, swaying, and unable to perform the balance and coordination tests, admitted on cross-examination that these observations were not recorded in his police report. Droney testified that the defendant was not belligerent or combative, and had no impairment of his mental facilities. Moreover, Bouchard, the shift supervisor, testified that while the defendant failed various field sobriety tests, the defendant fully understood the questions posed to him and gave appropriate answers. Bouchard additionally testified that the

defendant was not staggering, stumbling or swaying, and that there was no indication of a distorted sense of time and memory.

We reject the state's argument that the court's instruction was neither incorrect nor misleading because it referred the jury, not only to the statute, but to "all other evidence in the case" in determining whether the defendant was intoxicated. The critical error in the court's charge was not that it permitted the jury to find the defendant guilty solely on the basis of the test results, but that it added to the effect of the other evidence the weight of the law's presumption as to the effect of a blood alcohol level of .10 percent or more. Under these circumstances, we conclude that it was reasonably probable that the jury was misled by the court's instruction.

There is error, the judgment of conviction is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.