STATE OF CONNECTICUT *v.* PETER C. DAWSON
(8444)

NORCOTT, LAVERY and LANDAU, Js.

Argued November 2, 1990—decision released January 8, 1991

*Arthur P. Meisler,* for the appellant (defendant).

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *Donald Caldwell,* state's attorney, and *Patricia A. Swords,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction rendered after a jury found him guilty of manslaughter in the second degree with a motor vehicle while intoxicated in violation of General Statutes § 53a-56b and of misconduct with a motor vehicle in violation of General Statutes § 53a-57. This prosecu-

tion arose out of an accident involving an automobile driven by the defendant and an automobile driven by David Levine, who was killed as a result of the accident.

The defendant claims that (1) the trial court should have granted his motion to strike the evidence of the state's toxicologist, Charles Reading, because the witness did not extrapolate, calculate or compute what the defendant's blood alcohol level was at the time of the accident, and (2) there was insufficient evidence to support the defendant's conviction of the crime of misconduct with a motor vehicle. We affirm the judgment of the trial court.

I

MOTION TO STRIKE

On appeal, the defendant claims that the testimony given by the state's toxicologist invited speculation by the jury because the doctor was unable to render an opinion as to the *exact* blood alcohol level at the time of the offense and the *precise* effects of that alcohol level on the defendant.

This court recently ruled that proof of the operation of a motor vehicle while intoxicated, for the purposes of proving the crime of second degree assault with a motor vehicle under General Statutes § 53a-60d, does not require that an expert specify the defendant's blood alcohol content at the time of the offense by extrapolating back from the time of the blood test. *State* v. *Geisler,* 22 Conn. App. 142, 166, 576 A.2d 1283, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990). This conclusion was based on the fact that the statute proscribing assault with a motor vehicle does not provide for a per se violation based on the blood alcohol content. Id. Further, the statute contains no language requiring "the analysis" of the blood tests to demonstrate that the test results accurately reflect the blood alco-

hol content at the time of the offense. This same rationale applies to General Statutes § 53a-56b. The crime of manslaughter in the second degree with a motor vehicle under General Statutes § 53a-56b[1] is analogous to assault in the second degree with a motor vehicle as defined in General Statutes § 53a-60d[2] in that both crimes require proof of a harm occurring as a consequence of the effect of alcohol. We conclude, therefore, that proof of operation under the influence under General Statutes § 53a-56b does not require expert testimony as to the defendant's blood alcohol content at the time of the offense.

## II

### INSUFFICIENCY OF EVIDENCE

When reviewing a challenge based on insufficient evidence, we are required to apply a two-pronged analysis. We first review the evidence presented at trial, construing it in the light most favorable to sustaining the jury's verdict. We then determine whether, from

---

[1] General Statutes § 53a-56b provides: "MANSLAUGHTER IN THE SECOND DEGREE WITH A MOTOR VEHICLE: CLASS C FELONY. (a) A person is guilty of manslaughter in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes the death of another person as a consequence of the effect of such liquor or drug.

"(b) Manslaughter in the second degree with a motor vehicle is a class C felony and the court shall suspend the motor vehicle operator's license or nonresident operating privilege of any person found guilty under this section for one year."

[2] General Statutes § 53a-60d provides: "ASSAULT IN THE SECOND DEGREE WITH A MOTOR VEHICLE: CLASS D FELONY. (a) A person is guilty of assault in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes serious physical injury to another person as a consequence of the effect of such liquor or drug.

"(b) Assault in the second degree with a motor vehicle is a class D felony and the court shall suspend the motor vehicle operator's license or nonresident operating privilege of any person found guilty under this section for one year."

the facts established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Marra,* 215 Conn. 716, 726, 579 A.2d 9 (1990); *State* v. *Sinclair,* 197 Conn. 574, 576, 500 A.2d 539 (1985); accord *State* v. *Callahan,* 21 Conn. App. 654, 657, 575 A.2d 704 (1990).

General Statutes § 53a-57 (a) provides that a person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle, he causes the death of another person. General Statutes § 53a-3 (14) provides that "[a] person acts with 'criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation . . . ."

In the present case, from the cumulative effect of the facts and all inferences reasonably drawn therefrom, the jury could have reasonably reached the following conclusions. On the night of October 16, 1987, the defendant went to two bars where he consumed enough alcohol to achieve a blood alcohol content of at least .16. He entered his motor vehicle to drive to another bar and in so doing failed to perceive that he was taking a substantial and unjustifiable risk of being unable to control his motor vehicle and killing another person. The defendant proceeded at a rate of speed greater than the posted speed limit, and in so doing failed to perceive the substantial and unjustifiable risk of being unable to control his car and killing another person. When the defendant entered an s-curve, on a familiar

road, at a speed greater than the posted speed but less than the critical design speed, he was not able to keep his car on the roadway and he drove his car onto the soft shoulder. Upon reentering the roadway, the defendant locked his brakes, skidded 120 feet, crossed the center line and hit David Levine's car. The jury could have reasonably decided not to credit the defendant's claim that the accident occurred because the victim had crossed the center line. The jury also could have found, beyond a reasonable doubt, that the risks of being unable to control his car after drinking and of killing another while on the road were such that the failure to perceive them constituted a gross deviation from the standard of care of a reasonable person. For all of the foregoing reasons, we hold that there was ample evidence for a jury to find, beyond a reasonable doubt, that the defendant acted with criminal negligence in the operation of a motor vehicle causing the death of David Levine.

The judgment is affirmed.

In this opinion the other judges concurred.