STATE OF CONNECTICUT *v.* PAULA CORRIGAN
(13332)

O'Connell, Landau and Hennessy, Js.

360

Argued October 24, 1995—reargued May 14, 1996—decided after reargument July 9, 1996

*Michael A. Blanchard*, with whom were *Michael E. Kennedy* and, on the brief, *Michael P. Carey*, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Peter McShane*, assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the second degree with a motor vehicle in violation of General Statutes § 53a-56b, assault in the second degree with a motor vehicle in violation of General Statutes § 53a-60d, and operating a motor vehicle while

under the influence of liquor in violation of General Statutes § 14-227a (a) (1).[1]

The defendant raises the following claims in her brief. First, she claims that the trial court improperly admitted blood alcohol content (BAC) evidence because the blood sample was not drawn at a hospital as required by General Statutes (Rev. to 1991) § 14-227a (*l*). Second, the defendant claims that the BAC evidence was improperly admitted because there was insufficient evidence to establish that the blood was drawn by a person authorized by statute to draw blood. The defendant also claims that the trial court abused its discretion when it admitted BAC evidence without expert testimony extrapolating the BAC to the time of the offense. The defendant's final claim is that the trial court improperly permitted the state's toxicologist to testify despite the state's failure to comply with the disclosure provisions of Practice Book § 743.

The jury could reasonably have found the following facts. On May 21, 1992, the defendant consumed at least five alcoholic beverages at a restaurant in Stonington and left the restaurant operating her own car. While driving toward Mystic, the defendant was involved in a head-on collision with a car occupied by Charles Rice and Marabeth Rice. As a result of the accident, Charles Rice was seriously injured and hospitalized for twelve days. Marabeth Rice died from the injuries she received in the crash.

The defendant also sustained injuries and was transported to a hospital by ambulance. En route to the hospital, an emergency medical technician drew blood from the defendant. He gave the vials containing the blood to a laboratory technician at the hospital. The blood was tested and revealed a BAC of 0.26 percent. The BAC evidence was admitted at trial over the defendant's objection.

I

The defendant first claims that the BAC evidence was inadmissible under General Statutes (Rev. to 1991) § 14-

[1] General Statutes § 14-227a (a) provides in pertinent part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while

227a (*l*) because the blood sample was not drawn at a hospital. We agree.

At the time of the offense § 14-227a (*l*), which governs the admissibility of hospital tests for the amount of drugs or alcohol in the blood of an injured operator of a motor vehicle in a criminal prosecution, provided that "evidence respecting the amount of alcohol or drug in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence is derived from a chemical analysis of a blood sample taken from such person *at a hospital* after such accident, shall be competent evidence to establish probable cause . . . ." (Emphasis added.)

The state argues that we should, as the trial court did, construe the phrase "at a hospital" to include those tests taken while en route to a hospital. When construing a statute, we seek to ascertain and give effect to the apparent intent of the legislature. *Dos Santos* v. *F. D. Rich Construction Co.*, 233 Conn. 14, 20, 58 A.2d 83 (1995). If the words of a statute are clear and unambiguous, we must assume that those words express this intention and we need inquire no further to construe the statute. *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989). When evaluating whether the words of the statute are plain and unambiguous, we give them their commonly approved meaning unless a contrary intent is clearly expressed. General Statutes § 1-1; *State* v. *Kish*, 186 Conn. 757, 764, 443 A.2d 1274 (1982).

Applying these principles to this case, we conclude that the phrase "at a hospital" is clear and unambiguous and refers exclusively to the physical confines of the building's structure. The trial court therefore improperly construed the term "at a hospital" to include the blood sample drawn by emergency medical personnel en route to the hospital. The blood sample was not taken in accordance with the statute as it existed at the time of the accident. Accordingly, the BAC results were not admissible under § 14-227a (*l*).

the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

This interpretation is supported by the posttrial 1994 amendment to this section, which now includes the admission of blood tests taken "while en route to a hospital." Public Acts 1994, No. 94-60 (P.A. 94-60). Unless a contrary legislative intent appears, we assume that the legislature intends to change existing law when it enacts new statutory language. *Caron* v. *Inland Wetlands & Watercourses Commission*, 222 Conn. 269, 278, 610 A.2d 584 (1992). Here, we conclude that the amendment intended to permit BAC results from the tests taken en route to a hospital into evidence where such results were previously inadmissible.

The state argues that we cannot afford the defendant the relief she seeks because § 14-227a as amended by P.A. 94-60 will be applied retroactively to the defendant on retrial. In support of this argument, the state relies on *State* v. *Almeda*, 211 Conn. 441, 560 A.2d 389 (1989), in which a rule of evidence was applied retroactively in a criminal trial. We are not persuaded.

The state's argument fails to recognize the distinction between civil and criminal cases in determining whether statutes will be applied retroactively. "The rationale for this distinction is grounded in the principle that criminal statutes must be strictly construed . . . and hence, must be liberally construed in favor of the accused." (Citations omitted.) *State* v. *Paradise*, 189 Conn. 346, 352, 456 A.2d 305 (1983). An amendment to a criminal statute will not be retroactively applied unless the language of the statute makes such a construction necessary. Id., 353. The language of the amendment at issue here does not evince a legislative intent that the statute be given retroactive application. There is no language that mandates a retrospective construction. *State* v. *Jones*, 132 Conn. 682, 47 A.2d 185 (1946). Because P.A. 94-60 contains no language mandating retroactive application, it is unnecessary to determine whether the amendment is substantive or procedural. *State* v. *Paradise*, supra, 353.

The civil-criminal distinction enunciated in *State* v. *Jones*, supra, 132 Conn. 684, and affirmed in *State* v. *Paradise*, supra, 189 Conn. 353, is not necessarily applicable to other areas of the criminal process. The Supreme Court

expressly limited the civil-criminal distinction to matters involving statutory construction of criminal statutes. *State* v. *Paradise*, supra, 353 n.5. Thus, the state's reliance on *Almeda* is misplaced because *Almeda's* holding does not involve the construction of a criminal statute.

We need not reach the defendant's claim that the blood sample was improperly admitted into evidence because it was not taken by a person authorized by statute because we have already determined that the evidence is inadmissible under § 14-227a (*l*) as it provided at the time of the offense.

II

We next consider whether the BAC evidence was admissible to show that the defendant was under the influence of liquor to prove the manslaughter and assault charges. Our case law is clear that the limitations on the admissibility of blood evidence under § 14-227a apply only to prosecutions under that section and do not apply to vehicular offenses that are defined under the penal code. *State* v. *Singleton*, 174 Conn. 112, 115–16, 384 A.2d 334 (1977), cert. denied, 440 U.S. 947, 99 S. Ct. 1425, 59 L. Ed. 2d 635 (1979); *State* v. *LeRoy*, 16 Conn. App. 472, 477, 547 A.2d 940 (1988); *State* v. *Shaw*, 12 Conn. App. 294, 301–303, 530 A.2d 653 (1987). We therefore conclude that the failure to satisfy § 14-227a (d) did not render the evidence inadmissible to prove that the defendant was under the influence of intoxicating liquor for the other offenses.

III

Having concluded that the BAC evidence is admissible for prosecutions for the vehicular offenses defined by the penal code, we must now address the defendant's claim that the BAC must be related to the time of the offense in order to be admitted into evidence.

This court has previously held that extrapolation evidence is not required to prove vehicular assault because that crime is not committed, per se, by having a certain BAC. Section 53a-60d does not contain language requiring the analysis of blood to demonstrate that those results accurately reflect the BAC at the time of the offense. *State*

v. *Geisler*, 22 Conn. App. 142, 166, 576 A.2d 1283, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990), vacated on other grounds, 498 U.S. 1019, 111 S. Ct. 663, 112 L. Ed. 2d 657, on remand, 25 Conn. App. 282, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992). We have also determined that the *Geisler* rationale applies to vehicular manslaughter, which is analogous to assault with a motor vehicle under § 53a-60d, because both crimes require proof of harm occurring as a consequence of the effect of alcohol. *State* v. *Dawson*, 23 Conn. App. 720, 721–22, 583 A.2d 1326 (1991).

The defendant concedes that Connecticut case law does not support her position, but urges us to reconsider our previous holdings. We are not persuaded that our case law should be changed.

## IV

Finally, we turn to the defendant's claim that the trial court improperly allowed the state's toxicologist to testify despite the state's failure to include his name on a witness list.

Pursuant to Practice Book § 743,[2] the trial court ordered the state to disclose the names and addresses of the witnesses it intended to call at trial. It is undisputed that the name of the state's toxicologist was not on either of two lists that the state furnished in response to the court order.

"The purpose of criminal discovery is to prevent surprise and to afford the parties a reasonable opportunity to prepare for trial. To achieve these goals and to assure compliance with the rules, the trial court must impose an appropriate sanction for failure to comply. In determining what sanction is appropriate, the trial court should consider the reason why disclosure was not made, the extent of prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any

---

[2] Practice Book § 743 provides in pertinent part: "Upon motion made by the defendant, upon a showing of materiality to the preparation of the defense and a showing that the request is reasonable, the judicial authority may order the prosecuting authority at the commencement of trial to disclose to the defendant the names and addresses of all witnesses whom the prosecuting authority intends to call at trial . . . ."

other relevant circumstances." *State* v. *Festo*, 181 Conn. 254, 265, 435 A.2d 38 (1980).

The trial court has discretion in determining what sanctions, if any, are appropriate for failure to comply with court ordered discovery. *State* v. *Perez*, 181 Conn. 299, 310, 435 A.2d 334 (1980). At the time of trial, Practice Book § 747 suggested four possible sanctions in the event that the state failed to comply with a discovery order.[3] In the present case, the court offered the defendant a continuance in lieu of excluding the testimony of the toxicologist. The defendant did not accept the continuance. We are not persuaded that a greater sanction was required. We conclude, therefore, that the trial court did not abuse its discretion.

The judgment is reversed only as to the conviction of operating a motor vehicle while under the influence of intoxicating liquor and the case is remanded for a new trial on that charge.

In this opinion the other judges concurred.

---

[3] Practice Book § 747 provides in pertinent part: "[The court may] . . . grant appropriate relief, which may include one or more of the following:

"(1) Requiring the prosecuting authority to comply;

"(2) Granting the defendant additional time or a continuance;

"(3) Relieving the defendant from making a disclosure required by Sec. 756, prohibiting the prosecuting authority from introducing specified evidence, or dismissing the charges; or

"(4) Entering such other order as he deems proper."

