The issue raised in the defendant-s retrial motions is whether the results of a blood alcohol test obtained from an out-of-state hospital without a search warrant are admissible in a prosecution for assault in the second degree with a motor vehicle, see Conn. Gen. Stat. Sec. 53a-60d, and operating a motor vehicle under the influence. See Conn. en. Stat. Sec. 14-227a(a).
The arrest warrant affidavit discloses the following facts which, for the purposes of these motions, are not disputed. On May 26, 1997, at approximately 8:40 a.m., the defendant was driving a motor vehicle on Route 12 northbound in the town of Killingly. The defendant was driving at a high rate of speed, crossed the center line and collided with a southbound car head on. When a State Police Trooper arrived soon thereafter, the Trooper found the defendant slumped against the steering wheel of his car and unconscious. The Trooper smelled a strong odor of alcohol emanating from the defendant. Emergency rescue personnel had to extricate the defendant from his vehicle with the "jaws of life. The defendant was then flown by helicopter to the University of Massachusetts Medical Center (UMASS) in Worcester, Massachusetts. Medical personnel at the UMASS Hospital took a blood sample and determined blood alcohol content as part of CT Page 6778 their routine accident treatment. On May 27, 1997, the State requested the assistance of the District Attorney in Worcester in obtaining the blood alcohol report by a subpoena of a Massachusetts grand jury. On July 28, 1997, the State received the blood alcohol report which reveals that the defendant's blood alcohol level was .295 and that he had traces of marijuana in his body.[1]
 1.
The defendant claims primarily that the results of the UMASS blood alcohol test are inadmissible under General Statutes Sec.14-227a(1). Section 14-227a(1) provides as follows:
 SEIZURE AND ADMISSIBILITY OF CHEMICAL ANALYSIS OF HOSPITAL BLOOD SAMPLE OF INJURED OPERATOR. Notwithstanding the provisions of subsection (c) of this section, evidence respecting the amount of alcohol or drug in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence was derived from a chemical analysis of a blood sample taken from such person after such accident at the scene of the accident, while en route to a hospital or at a hospital, shall be competent evidence t establish probable cause for the arrest by warrant of such person for a violation of subsection (a) c this section and shall be admissible and competent in any subsequent prosecution thereof if: (1) The blood sample was taken for the diagnosis and treatment of such injury; (2) the blood sample was taken by a person licensed to practice medicine in this state, a resident physician or intern in any hospital in this state, a phlebotomist, a qualified laboratory technician, an emergency technician II or a registered nurse: (3) a police officer has demonstrated to the satisfaction of a judge of the superior court the such officer has reason to believe that such person was operating a motor vehicle while under to influence of intoxicating liquor or drug or both an that the chemical analysis of such blood sample constitutes evidence of the commission of the offense of operating a motor vehicle while under the influence of intoxicating liquor or drug or both violation of subsection (a) of this section; and (4) such judge has issued a search warrant in accordance with Section 54-33a authorizing the seizure of the chemical analysis of such blood sample. CT Page 6779
Our case law is clear that the limitations of this and other subsections of Sec. 14-227a apply only to prosecutions for operating under the influence under Sec. 14-227a and do not apply to vehicular penal code offenses such as assault with a motor vehicle. See State v. Corrigan, 40 Conn. App. 359, 364, cert. denied. 239 Conn. 901 (1996). Accordingly, the Court will consider the defendant's statutory arguments only as the charge of operating under the influence.
The defendant first argues that the blood alcohol results are inadmissible because the State did not obtain them with a search warrant in conformance the subsection (4) of Sec. 14-227a(1). The short answer is that a Connecticut judge does not have authority to issue a search warrant for evidence in another state. See
Conn. Gen. Stat. Sec. 54-33c(a) (providing that the applicant for a search warrant shall file a copy the papers with the clerk for the geographical area thin which the search will be conducted"); Conn. Gen. Stat. Sec. 51-348 (a) (defining "geographical area" an area within a Connecticut judicial district).
The defendant responds by citing language from the dissenting opinion in State v. Stevens, 224 Conn. 730 993). In that case our Supreme Court upheld the admission, under subsection (c) of Sec.14-227a, of a blood alcohol test obtained by a Connecticut police officer by consent from a drunk driving suspect who the officer accompanied from a Connecticut accident scene to a hospital in Rhode Island.[2] The dissenting opinion argued that "the results of [the] test could have been the subject of a search and seizure warrant prepared through proper channels." Id. at 747 (Katz, dissenting). The defendant overlooks the import of e phrase "prepared through proper channels." This case obviously refers to the practice whereby a Connecticut prosecutor would request a prosecutor or lice officer of the other state to obtain a search warrant from a judge of that other state. See generallyState v. Heylmun, 708 P.2d 778, 780 (Ariz.App. 1985); State v.Intercontinental, Ltd., 486 A.2d 174, 178 (Md. 85). Given that such a warrant would be issued by out-of-state judge in accordance with the law of that state, such a warrant would not qualify as a warrant issued "in accordance with Section 54-33a" required by 14-227a(1)(4).
Thus regardless of whether the State in a multistate case of this nature obtains the blood results by search warrant, as the CT Page 6780 defendant contends should have happened, or by grand jury subpoena, as actually happened, there could be no compliance with subsection 4). Furthermore, in most such cases the blood sample will not be taken "by a person licensed to practice in this state [or] a resident physician or intern any hospital in this state" as required by subsection 2) (emphasis added). Cf, State v.Stevens, 224 Conn. 734 (physician at Westerly, Rhode Island hospital admission of an out-of-state blood alcohol test invariably violates Sec. 14-227a(1).
The Court cannot accept this position. A Connecticut driver who is transported to an out-of-state hospital for the benefit of his own health should not receive the windfall of exclusion of his blood alcohol tests from a related criminal trial. Were exclusion the rule in such circumstances, then police officers legitimately concerned for the public safety might direct medical personnel to transport injured drunk driving suspects to more distant or less specialized in-state hospitals in order to insure that hospital blood alcohol tests would remain admissible. Such a practice would not benefit the injured suspect.
In Stevens, the Supreme Court refused to interpret subsection (c) of Section 14-227a to "lead to the absurd result that [the] mere fortuity [of the defendant being taken to a Rhode Island as opposed to a Connecticut hospital would bar the progress of the criminal prosecution against her." 224 Conn. at 737. The same approach applies here. Although courts should construe criminal statutes strictly, "it is equally fundamental that the rule of statutory construction does not require an interpretation which frustrates an evident legislative intent." Id. at 736-37 (internal quotations omitted). "It is also a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." Id. at 737. The result of the defendant's argument — that blood alcohol tests from out-of-state hospitals are invariably inadmissible — is truly absurd and bizarre. The Court will therefore not interpret the statute to lead to such a result.
The starting point in statutory construction is the language in the statute. See Westport Taxi Service, Inc. v. WestportTransit District, 235 Conn. 1, 39 (1995). As noted, subsection (1)(2) of the statute makes it a requirement of admissibility of hospital blood alcohol results that "the blood sample was taken by a person licensed to practice medicine in this state, a CT Page 6781 resident physician or intern in any hospital in this state, a phlebotomist, a qualified laboratory technician, an emergency technician II or a registered nurse." Conn. Gen. Stat. Sec.14-227a(1)(2) (emphasis added). The term "phlebotomist" is defined in subsection (m) to mean "a staff member of a hospital,licensed under chapter 368v, who performs venipunctures to obtain blood samples as ordered by a licensed physician and is under the jurisdiction of the chief of pathology." Conn. Gen. Stat. Sec.14-227a(m). The emphasized phrases make it clear that the legislature intended Section 14-227a(1) to apply only to hospital blood tests taken in this state and not to similar tests taken in other states. See Conn. Gen. Stat. Sec. 19a-490 et seq. (Chapter 368v, governing licensing of health care by the Connecticut Department of Public Health.) The same conclusion flows from the language of subsection (1)(4) of the statute which, as discussed, creates the additional requirement of admissibility that a "judge has issued a search warrant in accordance with Section 54-33a
authorizing the seizure of he chemical analysis of such blood sample." Conn. Gen. Stat. Sec. 14-227a(1)(4) (emphasis added). Accordingly, the Court finds that General Statutes Sec.14-227a(1) does not govern the admissibility of blood alcohol tests taken at out-of-state hospitals.
Indeed, it also appears from the language of subsection (I) that the legislature was attempting to clarify amend prior law merely to insure that hospital blood alcohol tests obtained in conformance with the subection were admissible, rather than necessarily to include hospital blood alcohol tests obtained in other ways. Subsection (I) provides that evidence of hospital blood alcohol tests shall be admissible and competent any subsequent prosecution thereof if the State satisfies the requirements of the subsection. Conn. Gen. Stat. Sec. 14-227a(1) (emphasis added). This language stands in contrast to other provisions of the General Statutes that use negatives to prohibit the admission of evidence not obtained in conformance with statutory requirements. See Conn. Gen. Stat. Sec. 54-1c ("Any admission, confession or statement obtained from an accused person who has not been presented to the first session of the court. . . shall be inadmissible"); id. Sec. 54-411 ("The contents of any intercepted wire communication. . . shall not be received in evidence. . . unless. . ."); id. Sec. 54-76f `No statement, admission or confession made by the defendant [in determining youthful offender eligibility] shall ever be admissible"); id. Sec. 54-86f ("In any prosecution for sexual assault. . . no evidence of the sexual conduct of the victim may CT Page 6782 be admissible unless. . ."); id. Sec. 54-86i ("No expert witness. . . may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime") (emphasis added). The much more permissive language of Sec. 4-227a(1) confirms the conclusion that the legislature tended to authorize the admission of in-state hospital blood alcohol test results rather than bar the admission of out-of-state hospital blood alcohol test results.
This conclusion does not mean, however, that such test results are never subject to suppression. Obviously, the admission of such test results to prove operating under the influence or any other offense must not violate any Constitutional right of the defendant. In the present case, the initial taking of the defendant's blood does not violate any Constitutional right because the blood test was performed at a hospital for medical purposes rather than at the request f a law enforcement officer. See State v. Grotton, 180 Conn. 290, 294
(1980). Further, the acquisition of the results of the test by grand jury subpoena does not violate any Constitutional right of the defendant because the subpoena, being directed to the hospital rather than the defendant, did not compel the defendant to do anything. See SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735,742 (1984). See also United States v. Dionisio, 410 U.S. 1, 9
(1973) (a grand jury subpoena does not constitute a search);Commonwealth v. Griffin, 535 N.E.2d 594, 595 (Mass. 1989) (no Constitutional right to counsel in Massachusetts grand jury proceedings). Accordingly, the defendant has not established any basis for suppression of the blood alcohol test results in this case.[3]
 II.
The defendant has also filed a motion to dismiss that recites, in boilerplate fashion, five of the subsections of what is now Practice Book Section 41-8 and formerly Section 815. Although the defendant did not argue the motion at the hearing, apparently the thrust of the motion is that suppression of the blood alcohol test results leaves the State with insufficient evidence to continue the prosecution. Because, however, the Court finds that the test results are not subject to suppression, the basis for the motion to dismiss does not exist. In any event. Practice Book Sec. 41-9 precludes any defendant who has been arrested on a warrant, such as the defendant here, from making a CT Page 6783 motion to dismiss under Sec. 41-8 (5) premised on the insufficiency of the evidence to justify continuing the prosecution. Accordingly, there is no basis for the motion to dismiss.
The motions to dismiss are denied.
SCHUMAN, J.